## No. 48.

## PAYNE, KENNEDY & Co. *v.* KATZ & BARNETT.

1. The court having entertained a motion for a new trial and assigned a return day therefor, should not, *ex parte* and previous to such return day, have dismissed the same.

2. The rule is, that parties to a suit are entitled to a fair trial, simplified so far as possible and freed from all alien and confusing issues.

3. Where a third person is wrongfully brought into a suit, any of the parties thereto may object to his presence.

4. Where a particular matter has been made the subject of express legislation, the courts have not, as to it, the equitable discretion mentioned in Art. 21 C. C.

5. Where a law expressly enumerates the persons and cases to which it shall be applicable, all others are excluded. "*Inclusio unius est exclusio alterius.*"

6. A third person cannot be brought into a suit to warrant and defend the interests of a plaintiff; nor can the right to the call in warranty be exercised outside of the cases expressly enumerated by law.

7. Parties appealing to a jury are entitled to a fair and full trial by such jury, and where this has not been had the case will be remanded.

*Appeal from the Sixth District Court.   Rightor, Judge.*

*Breaux & Hall* for Payne, Kennedy & Co.
*Kennard, Howe & Prentiss* for Richardson.
*Hornor & Benedict* for Katz & Barnett.

McGLOIN, J.—Plaintiffs sue to recover the amount of two drafts, paid defendants as agents of Picard & Weil, of Bayou Sara, in this State. These drafts were drawn in the name of Robert R. Richardson, per P. A. Richardson; and the allegations are that said drafts were forgeries and that they were paid in error, and the prayer is for reimbursement. The answer denied the forgery, and averred the genuineness of the drafts; that defendants were mere agents in the matter and without interest therein; that they had accounted to their principal for the sum collected, and that if the drafts were forged the plaintiffs should bear the loss by reason of laches and contribution thereto.

Sometime after the cause was so placed at issue, and after defendants had taken material testimony under commission, plaintiffs presented a supplemental petition setting up that in their original petition they had alleged that the drafts in question were forgeries; that said allegations were based upon the representations of P. A. Richardson, by virtue of which the money paid out under said drafts had been returned to the credit of said P. A. Richardson; that the defendants in answer denied the said forgery, averring that the signatures thereto were genuine; that evidence to that effect had already been adduced; that P. A. Richardson was "bound to warrant and defend the truth of his representations;" that justice required that he should interplead; and that in case it should appear that said drafts were genuine, then judgment should be ren-

dered in their favor against said P. A. Richardson for restitution of the amount erroneously returned to his credit. P. A. Richardson was cited to answer this petition and excepted on various grounds. His exceptions were overruled and he appeared " to interplead," as he put it, averring the truth of his representations. Just previous to the opening of the trial defendants moved the court to strike out said supplemental petition and prayer thereof, on the grounds that defendants were not parties thereto and that plaintiffs had no right thus to bring third parties into the suit. This motion was refused, on the ground that by said proceeding a multiplicity of suits was prevented. The question was duly preserved by proper bill of exceptions. The trial progressed before a jury with considerable confusion by reason of tenders of evidence admissible against one of the parties and not the others, and instructions by the court to the jury to regard and disregard the same according to circumstances. There was a verdict and judgment for plaintiffs against defendants, and also in favor of P. A. Richardson. Defendants moved for a new trial, and the court a qua entertained the rule, fixed a day for its argument and trial, and issued the proper notices to the adverse parties. A bill of exceptions, however, duly certified, informs us that on the day fixed, before the opening of court and in the absence of counsel, and without argument or trial, the rule was dismissed. Defendants alone appealed.

The conclusions we have arrived at upon issues presented by the bills of exception render unnecessary any discussion of the evidence. We believe the court was wrong in its action upon the rule for a new trial. While courts may possibly refuse to entertain or may dismiss a rule for a new trial at the time of its presentation, it does not follow that, having entertained the same and assigned a date for argument, as in this case, they may arbitrarily, without notice and in chambers, dismiss the motion before the time fixed for its return.

Beyond the objections to such a course by reason of its arbitrariness and the patent injustice of denying the privilege of

reargument in the face of the permission accorded in that behalf, and of the implied admission as to its utility, if not necessity, resulting from the entertaining of the rule and fixing of a day for its hearing, there is another and more potent one. The right to appeal, suspensively, is in every case limited as to the time during which it may be exercised. This delay is accorded for useful purposes, allowing a period during which the party cast may consider what course is best for him to pursue, and, having determined, may either arrange to satisfy the judgment without the expense and other inconvenience of seizure, or secure competent securities upon his bond of appeal. So long as the judgment be unsigned this delay does not run, and pending a rule for a new trial the judgment cannot be signed. Therefore, after the court by assigning a return day to such a rule has fixed a period during which such judgment is to remain inchoate, the party cast, until such return day, need give himself no concern in connection with his appeal. But if, in the meantime, the Court may, *ex parte* dismiss the rule and sign the decree, it is possible that the party aggrieved, thrown off his guard, may remain ignorant of the action of the court until the delay accorded him by legislative wisdom for a suspensive appeal has expired or been seriously trenched upon. We, therefore, conclude, following the precedent of Higgins vs. Haley, 26 A. 368, to remand this cause for a due and proper disposition of said rule for a new trial.

In order to avert the delay and expense of an unnecessary appeal herein, and following the example of the Supreme Court of this State in similar contingencies, we consider it proper to express the conclusions by us arrived at upon the questions presented by said motion for a new trial, counsel for all parties having given us the advantage of full and able argument thereon, oral and by brief.

We do not think this a case where a new party should have been forced into the litigation in face of defendant's protest. It is true that, as to this party, the decree, unless set aside by an order of new trial, is final; but the right to complain of a

misjoinder is not confined to the one who is wrongfully forced to appear. Parties to a suit are entitled to a fair trial, and in order to secure it they are, in general, entitled to insist that the litigation be simplified so far as possible and kept free from alien and distracting issues. A defendant is, therefore, protected from the disadvantage of having to meet, at one time and in the same proceeding, the [attack of different persons, between whom and himself there is no privity, and who are representing different or conflicting claims. In Dyas *v.* Dinkgrave, 15 La. An. 502, the Court, speaking of such misjoinders, and after proper condemnation thereof, says : " To hold otherwise, would be at variance with the well-settled rules of pleading, and might lead to a multiplicity and confusion of parties and issues at present unknown to our system of practice." See, also, Mayor *v.* Armant, 14 La. An. 177 ; Favrot *v.* East Baton Rouge, 30 La. An. 607; Gerson *v.* Jamar, 30 La. An. 1206; Surgi *v.* Matthews, 24 La. An. 614; Leverich *v.* Adams, 15 La. An. 310; Waldo *v.* Angomar, 12 La. An. 74.

This rule is, of course, subject to exceptions, upon which will be found bearing a multiplicity of decisions, some of which seem contradictory. But, by careful consideration, these authorities may be systematized, when it will be found that the confliction is not as great as it would seem at first to be. Where, however, we find opposing opinions, having reduced their number, so far as possible, we can better determine which are entitled to our concurrence and application.

We may head the list of these exceptions with the right of intervention, as accorded in C. P. Art. 389 *et seq.* This, however, cannot govern this case, because here we have a *right* accorded third persons, which being intended as a privilege, it does not follow that the courts may compel its exercise and render compulsory what the law has made optional. Next in order, we may take the articles of the Code of Practice creating and regulating the right to call in warranty. C. P. 378 *et seq.*

This is also a statutory provision in the nature of a privi-

lege, and the courts are without authority to extend its provisions beyond the persons and circumstances enumerated or to otherwise vary it. If they could so do, they might similarly treat the articles of the Code relative to the other incidental demands, to the conservatory and final writs, and the various process, ordinary, executory and summary. In all these, as in other cases, the judicial will cannot be substituted for the legislative; nor is the former, either as expressed or implied, to be ignored or defeated. When some things are expressly covered by legislation and others excluded, such exclusion is an exhibition of intention as emphatic as the inclusion. It would be imposing an onerous, if at all a possible duty, upon the lawmaker to require as a part of every piece of legislation a schedule or index of the things to which it is not to be applied. It is this principle which finds expression in the legal maxim, " *Inclusio unius, est exclusio alterius.*"

Nor do we think that where the Legislature has made a matter the subject of express legislation, the equitable discretion mentioned in article 21 C. C. can be exercised by the courts. It was to provide against such pretensions that this equitable power is expressly restricted by that article to cases where there is no express law. Art. 13 C. C., forbidding us, where the text is clear and free from all ambiguity, to disregard the letter of the law under pretext of pursuing its spirit, has the same object. We believe these considerations sufficient to refute the claim that courts may compel parties to interplead, or intervene, or to appear in warranty, beyond the letter of the articles of the Code regulating these subjects. Reference is made to Morgan *v.* LeBlanc, 6 La. An. 114, and Meyers *v.* Eckles, 10 A. 626, on behalf of appellees, as a justification of their proceeding. Lafonta *v.* Poultz, 6 Martin N. S. 391, might have been added. These, however, we consider as opposed to Burbridge *v.* Andrews, 23 La. An. 554; Butler *v.* Stewart, 18 La. An. 555; Anselm *v.* Wilson, 8 La. 37; De-Greck *v.* Murphy, 28 La. An. 297; Frost *v.* Harrison, 8 La. An. 123, 136; Marchaud *v.* Bell, 21 La. An. 35. In some of these

cases the doctrine is particularly laid down that the right to the call in warranty is confined to defendants and to the cases enumerated in C. P. Art. 379.

There is another class of authorities applicable to controversies over property or rights, in or upon which there are conflicting claims so connected or interwoven as to render it unsafe and unjust, if indeed at all possible, to consider and determine them without having all parties in interest before the court. Of this class is 2 A. 987, Clarke & Co. v. Saloy, and its successors in matters of settling under builders' contracts, Meshero v. Gould, 30 A. 163, and others which it is unnecessary to enumerate. These, however, if they can be considered exceptions to the doctrine first announced, are not similar to the case now before the Court. Here there is no fund to distribute, no rival claims to the same thing to be determined, and absolutely no privity between Richardson and the defendants. He could not be affected by a decree rendered between strangers. He has absolutely no interest, other than a sentimental one, in the result, except it be possibly the remote one of escaping future controversy through the success of plaintiffs. This might support an intervention on his part, in which event defendants would have to submit to the disadvantages, because of the express legal warrant therefor. But there is no such warrant for dragging this outside party into the suit, and defendants have the right, under such circumstances, to protest against having the difficulties of his defense thus augmented or increased.

On the other hand, if plaintiffs be defeated in this action, their right to recover against Richardson, by virtue of an entirely different transaction and payment still exists, and their facilities therefor, will be, if anything, strengthened and improved rather than impaired by this litigation and the judgment therein. It is evident that bringing this stranger into this suit is, for plaintiffs, a matter entirely of convenience and not of necessity. We see no justice in sacrificing the convenience of the defendant to that of the plaintiff. We have already noticed

the confusion occasioned by the different attitudes of the parties, and how evidence had to be hedged around with restrictions and reservations, which may or may not have been understood, or observed by the jury. We consider that the defendants were entitled to their trial by jury and to their chances of a favorable verdict, with the influence usually attached to such verdict, freed from all unwarranted circumstances calculated to mistify, embarrass or confuse, and we do not believe, under all the circumstances, that they have had such a trial; and we are, therefore, of the opinion that they are entitled to another.

Judgment reversed.

Case remanded.