PROVOSTY, J.
This suit has been brought under Act 20, p. 44, of 1914 (Employers’ Liability Act), section 18 of which provides, that when such a suit is filed “the judge shall fix by order a time and place for the hearing thereof”; that a copy of this order shall be served on the adverse party; that within seven days after such service the adverse party shall answer, failing which, “the court shall immediately enter judgment in favor of the plaintiff in accord with the facts set forth in his petition,” and that the petition must be verified by oath. In the instant case the petition, duly verified by oath, was filed on October 30, 1917. The judge fixed December 5, 1917, for the hearing. Service was made on defendant on November 3, 1917. On November 13, 1917, defendant not having answered, plaintiff asked for judgment; and the judge gave judgment, as prayed in the petition. On the next day, on application of defendant, the judge set aside the judgment, and granted the defendant until November 27, 1917, to answer. The plaintiff then took a rule on defendant to show cause why the setting aside of the judgment should not be itself set aside; and this rule was made returnable on December 5, 1917, the day fixed for the hearing of the case. On that day the court dismissed the rule. From this judgment dismissing the rule, the plaintiff applied for an order of appeal; and the court denied the application. Plaintiff then filed the present application in this court, asking that the trial judge be ordered to grant an appeal.
[1,2] By setting aside the judgment the judge in effect merely granted a new trial. This he could do within the three days allowed for application for new trial. C. P. arts. 560, 547; Shreveport Cotton Oil Co. v. Blackman, Judge, 110 La. 266, 34 South. 438. The granting of a new trial within the legal delays for new trial is simply an interlocutory order, not appealable from. McWillie v. Perkins, 20 La. Ann. 168; Wheeler v. Maillot, 15 La. Ann. 659.
This application for a mandamus is therefore denied at the cost of the applicant.