(107 So. 700)

No. 27774.

RIVERS & RAILS TERMINALS, Inc., v.
LOUISIANA RY. & NAV. CO.

In re LOUISIANA RY. & NAV. CO.

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. New trial ⬷117(1)—Until a final judgment is signed, party cast may file motion for new trial (Code Prac. art. 546, and Act No. 247 of 1908).

Until a final judgment is signed, the party cast may file motion for new trial as provision of Code Prac. art. 546, and Act No. 247 of 1908, requiring judge to sign final judgments within three days and at the term at which rendered are directory and not mandatory, and these statutes visit no penalty for not moving within three days or before close of term, as they direct.

2. New trial ⬷5—Right to move for new trial was not waived by appeal from unsigned judgment, as such appeal was ineffective.

Right to file motion for new trial was not waived by appeal from an unsigned judgment, as such appeal was ineffective and the merits could not have been considered.

3. New trial ⬷117(1)—Judgment sustaining exception of no cause of action is not a final judgment but an interlocutory decree, until signed by the judge, and vests no rights which may not be lost by granting new trial.

Judgment sustaining exception of no cause of action is not a final judgment but an interlocutory decree, until signed by the judge, and until then carries with it no vested property rights which may not be lost by the granting of a new trial.

4. New trial ⬷163(1)—On motion for new trial of exception of no cause and no right of action, decree setting aside the judgment without new trial may be entered, where the judgment had not been signed (Code Prac. art. 563).

On motion for new trial of exception of no cause and no right of action, decree setting aside judgment sustaining the exception may be entered without a new trial, where the judgment is unsigned, as it is then interlocutory and Code Prac. art. 563, requiring a new trial, applies only to final judgments, and no evidence could be introduced on a new trial.

St. Paul, J., dissenting.

Suit for an injunction by the Rivers & Rails Terminals, Inc., against the Louisiana Railway & Navigation Company. An exception of no cause and no right of action was sustained, and the suit dismissed. An appeal from this order was dismissed (103 So. 331, 157 La. 1085). On the motion for a new trial of the exception, a new trial was granted, and the judgment sustaining the exception was set aside, and defendant applies for writs of certiorari and prohibition. Application dismissed.

Milling, Godchaux, Saal & Milling, of New Orleans, for relator.

Guion & Upton, of New Orleans, for respondent.

THOMPSON, J. In May, 1921, the plaintiff instituted suit against the defendant and obtained an injunction, the grounds for which it is not essential to state here.

The injunction was bonded by the defendant, and thereafter an exception of no cause and no right of action was filed.

This exception was tried and sustained, and the plaintiff's suit dismissed.

An appeal was prosecuted from said judgment, but was dismissed by this court, for the reason that the judgment dismissing the suit had not been signed. 157 La. 1085, 103 So. 331.

The above judgment was rendered March 2, 1925.

On December 8, 1925, the plaintiff filed in the lower court a motion for a new trial of the exception of no cause of action.

This motion in due course and after due notice and hearing of all parties was sustained, and the following order entered of date January 19, 1926:

"It is ordered, adjudged, and decreed that the judgment rendered herein on December 20,

1922, maintaining the exception of no cause and no right of action filed by the defendant Louisiana Railway & Navigation Company, be and the same is now set aside overruled and annulled.

"It is further ordered, adjudged, and decreed that a delay of 30 days from notice of this judgment to the defendant be and the same is hereby granted defendant within which to answer the petition and suit of plaintiff."

From the foregoing order or judgment the defendant asked for and obtained a suspensive and devolutive appeal returnable to this court on March 3, 1926.

The record does not show that this appeal was perfected by furnishing the required bond.

However that may be, the defendant filed this application to correct the alleged illegality in the proceedings of the court below in granting a new trial on the exception and of overruling the said exception instanter.

In support of the application it is contended (1) that it is too late to apply for a new trial when such application is made several years after the judgment has been rendered, during which several terms of court and several vacations of court have occurred; (2) that plaintiff, having elected to appeal from the judgment sustaining the exception of no cause of action rendered on December 20, 1922, thereby exhausted its right to correct said judgment and waived its right to demand or secure a new trial; and (3) that, on a motion to set aside a judgment and grant a new trial, the court cannot go beyond the granting of a new trial and proceed then and there to reverse the judgment complained of.

[1] 1. Article 546 of the Code of Practice requires the judge to sign all definitive or final judgments, and provides that he shall not do so until three judicial days have elapsed to be computed from the day when such judgments were given. The article further provides that all motions for new trials shall be made and determined, and all final judgments signed before the adjournment of the court, for the term at which such causes were tried, and whether three judicial days shall have elapsed or not. On the same subject-matter, see Act 247 of 1908.

It has been more than once decided that the provisions of the above-quoted article, requiring final judgments to be signed within three days and at the term of court at which such judgments were rendered, are merely directory and not mandatory. No penalty is visited on the party cast for failing to file a motion for a new trial within the three days or before the close of the term at which such judgment was rendered. This being true, so long as a final judgment has not been signed the party cast has the right to file a motion for a new trial.

In the case of Mercer v. Natchez, B. & S. Ry. Co., 66 So. 774, 776, 136 La. 187, 194, this court said:

"It has frequently been held that, as long as a judgment remains unsigned, it remains open to revision, and hence that a motion for new trial may, in such case, be filed after the expiration of the delay by which it would otherwise be excluded."

See other cases cited in the opinion.

From which it follows that the plaintiff was not precluded from filing his motion for a new trial, and the judge was well within the exercise of his jurisdictional authority when, after hearing, he sustained the said motion.

The defendant had full knowledge before the filing of the motion that the judgment had not been signed, and made no demand to have the said judgment signed, and offered no protest until after the motion for a new trial had been filed.

[2] 2. Nor was the plaintiff's right to file · a motion for a new trial waived by the appeal from the unsigned judgment. That appeal was ineffective. The merits of the exception of no cause of action were not, and could not have been, considered on that appeal. The contention, therefore, that the prosecution of the appeal exhausted the

plaintiff's right to have the ruling on the exception reviewed in the lower court, is clearly without force.

[3, 4] 3. The judgment sustaining the exception of no cause of action was not a final judgment until signed by the judge.

Until then said judgment carried with it no vested property rights of which the defendant could not be deprived by the granting of a new trial.

Nor was it necessary, when a new trial was ordered, to have set the said exception down for another hearing at some future date. The merits of the exception were fully argued on the motion for a new trial, and the trial judge, it must be assumed, concluded on this hearing that the exception ought to be overruled; otherwise he would not have granted the new trial.

Article 563, Code of Practice, which provides that, if a new trial be granted, the cause shall be again set on the docket, applies to cases which have been tried on the merits, and has no application to interlocutory decrees rendered during the course of the proceedings and before final judgment. The language of the article clearly supports this conclusion, for its says that on the new trial the parties shall not be precluded from producing new proofs, on the ground of the same not having been offered on the first trial.

No evidence can be heard on the trial of an exception of no cause of action. Such an exception is determined alone on the allegations of the petition and documents attached thereto.

To have set the exception down for a retrial would have been merely assigning it for reargument.

It may be argued that a judgment dismissing a suit on an exception of no cause of action is a final judgment and not an interlocutory decree. But this is true only when such a judgment has been signed by the judge. Until the judge affixes his official signature, the ruling is clearly interlocutory and subject to modification, change, or reversal.

For the reasons assigned, it is ordered that the rule nisi herein issued be set aside and the application of relator dismissed.

ST. PAUL, J. I concur as to the right of plaintiff to apply for a new trial on the exception; but I think the first judgment *sustaining* the exception of no cause of action was a *definitive or final* judgment, not only as a matter of law *generally*, but as *the law of this case*. River & Rails Terminals. Inc., v. La. Ry. & Nav. Co., 103 So. 331, 157 La. 1085. Hence the trial judge could not alter it in any matter of substance, even before signing, except in the manner provided by law. C. P. 547, 548, 556. Much less could he set it aside and *reverse* it, as he did. State ex rel. Vignes v. Judge, 10 So. 294, 43 La. Ann. 1169; State ex rel. Oil Co. v. Blackman, 34 So. 438, 110 La. 266. And, even had the judgment been merely *interlocutory*, he still could not have dealt with it in this abrupt manner. Culverhouse v. Marx, 38 La. Ann. 667.

I therefore dissent.