No. 3953

Second Circuit

___

PERRY v. W. K. HENDERSON IRON
WORKS & SUPPLY CO.

___

(February 26, 1931. Opinion and Decree.)

___

George T. McSween, of Shreveport, attorney for plaintiff, appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellee.

ON MOTION TO DISMISS

McGREGOR, J. This suit has been brought under Act No. 20 of 1914 (as amended by Act No. 85 of 1926), commonly known as the Employers' Liability Law. Section 18 of this act, as amended, provides a summary method of bringing actions for compensation by the filing of a verified complaint and securing an order from the judge fixing a time and place for the hearing, not less than three weeks after the date of the service of the complaint. It is specially provided that, when this provision of the law is resorted to, "a copy of said complaint and order shall be served as a summons in a civil action upon the adverse party within four (4) days after filing the complaint; within ten (10) days after the service of such complaint or petition the adverse party shall file answer to said petition," etc. Under this special provision of the law it appears that the service of a "copy of said complaint and order" is in lieu of the usual citation required in civil suits. In fact, the service of the usual citation would prevent the application of the provisions of the summary remedy provided by the statute for the reason that under the usual citation the defendant could not have any judgment rendered against him except by preliminary default and confirmation thereof. Section 18, subdivision 3, of said act provides as follows:

"If the time fixed for filing answer or delay, granted for filing answer by the respondent has elapsed without any answer having been filed, then upon simple request of the petitioner, the Judge of the Court, with whom the complaint or petition has been filed, shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in

the verified complaint filed by the petitioner and the provisions of this act, providing for payment of such compensation as is claimed, to be payable until such time as the hearing of the issues on the merits is fixed by an order of Court at the request of the defendant; such hearing on the merits to be fixed in the same manner as the first hearing is to be fixed under paragraph 2 of this Section, or by the agreement of the parties."

The judgment rendered in accordance with this provision of the statute is a "preliminary" judgment only. A similar case was decided by the Supreme Court in Joyce v. Nona Mills Co., Ltd., 142 La. 934, 77 So. 854. In that case the judge of the lower court signed the preliminary judgment as prayed for in the petition and as provided for by the statute. On the next day, on application of the defendant, the judge set aside this preliminary judgment. The plaintiff then proceeded by rule to have the order setting aside the judgment set aside itself. Upon trial the rule was dismissed. The plaintiff sought to appeal from this action of the court, and the court refused to grant the appeal. The plaintiff then applied to the Supreme Court for writs of mandamus and prohibition to compel the lower court to grant the appeal. The Supreme Court, in refusing to issue the mandamus to the lower court said:

"By setting aside the judgment the judge in effect merely granted a new trial. This he could do within the three days allowed for application for new trial. C. P. arts. 560, 547; [State ex rel.] Shreveport Cotton Oil Co. v. Blackman, Judge, 110 La. 266, 34 So. 438. The granting of a new trial within the legal delays for new trial is simply an interlocutory order, not appealable from. McWillie v. Perkins, 20 La. Ann. 168; Wheeler v. Maillot, 15 La. Ann. 659."

In the case at bar the preliminary judgment was signed and filed on September 20, 1930, and the motion of counsel for the defendant to have the same set aside was filed on September 23, 1930, within the three days provided by law. Counsel for defendant has filed a motion herein to dismiss the appeal of plaintiff on the ground that the order of the court appealed from has the effect only of granting a new trial, and that an interlocutory order of that kind cannot be appealed from. We think that the Joyce v. Nona Mills Co., Ltd., case, cited by defendant, is applicable here.

For the reasons assigned the appeal is dismissed at the cost of appellant.