No. 4161

Second Circuit

(Second Division)

T. DEFATTA & SONS v. HYDE
(BAIN, Garnishee)

(March 16, 1932. Opinion and Decree.)

Irion & Switzer and Thos. M. Comegys, Jr., of Shreveport, attorneys for plaintiffs, appellants.

Smitherman, Tucker & Mason, of Shreveport, attorneys for defendant, appellee (garnishee).

TALIAFERRO, J. Plaintiff caused execution to issue on its judgment against defendant and made H. H. Bain, garnishee. The usual interrogatories were propounded to and served on him. He failed to answer the process within the legal delays, and judgment "pro confesso" was rendered against him for $112.28, the amount of the judgment against defendant, and signed on May 1, 1931. On May 5th, within three judicial days of the signing of this judgment, the garnishee filed a motion wherein he averred that through oversight and inadvertence he did not answer the interrogatories served on him; that he is not indebted to defendant for any amount, but on the contrary at time of service on him defendant was indebted to him. He prays that the motion be filed and allowed, and that it be accepted in lieu of answer.

On May 19th the motion was taken up for trial, and, over the protest and objection of plaintiff's counsel, was sustained; the court minutes reading:

"Motion granted. Judgment vs. garnishee set aside and motion to stand in lieu of answer."

Formal judgment was signed, from which plaintiff appealed.

The garnishee has filed in this court a motion to dismiss the appeal on the ground and for the reason that the judgment appealed from was in effect one granting a new trial to the garnishee, interlocutory in nature, and not appealable from.

Plaintiff's counsel argue that the judgment against the garnishee was a final judgment, the property of plaintiff, and, under article 548 of the Code of Practice, not subject to be altered by the court.

The granting of new trials, timely applied for, is a matter largely lodged in the legal discretion of the trial judge, and where the ends of justice will be best subserved by favorable action thereon it is the obvious duty of the judge to grant them.

A judgment against a garnishee, though rendered "pro confesso," is a definitive judgment and subject to the same rules, with regard to motions for new trials, appeal, etc., as other judgments.

The garnishee in this case filed motion to set aside the judgment rendered against him timely, and in the exercise of the discretion vested in him the judge of the lower court sustained it, which, in effect, amounted to a new trial. The court's action was interlocutory in its nature, not working irreparable injury, and therefore not appealable from. Code Prac., art. 566. McWillie v. Perkins, 20 La. Ann. 168; Wheeler v. Maillot, 15 La. Ann. 659.

In Joyce v. Nona Mills Co., 142 La. 934, 77 So. 854, the court said:

"By setting aside the judgment the judge in effect merely granted a new trial. This he could do within the three days allowed for application for new trial. C. P. arts. 560, 547." Perry v. W. K. Henderson Iron Works & Supply Co., 16 La. App. 271, 133 So. 805.

Article 548 of the Code of Practice provides that a judgment, once rendered, becomes the property of him in whose favor it is given; and the judge cannot alter same, except in the mode provided by law. One of the methods of altering a judgment

is by granting a new trial, when timely applied for. If no motion is filed for a new trial within the legal delays, then the judgment is final so far as the trial court is concerned, and it then becomes the property of him in whose favor it is rendered, not subject to change or alteration by the judge who signed it.

The motion to dismiss the appeal herein is sustained, and, accordingly, the appeal is dismissed at appellant's cost.