Defendants-appellees move to dismiss this devolutive appeal taken by plaintiffs from the judgment dismissing their suit.
The record reflects the following:
The judgment was rendered on March 25, 1948, after a trial on the merits of the case. On March 31, 1948, plaintiffs applied for a rehearing, but through inadvertence, and without having disposed of the application, the judge a quo signed the judgment on April 1, 1948, and the application for rehearing was not disposed of until April 23, 1948, on which date a rehearing was refused. In refusing a rehearing, the judge, in a per curiam, stated:
"This judgment was signed on April 1, 1948. It was signed through inadvertence. The rehearing is now refused. Nunc pro tunc."
This appeal was taken on March 28, 1949, and the appeal bond of $100 required by the order granting the appeal, was furnished by appellants on April 13, 1949. The ground urged for dismissal is that the appeal bond was not filed until more than one year after the judgment was signed and became final. In support of the motion, appellees cite several cases which hold that a devolutive appeal is to be dismissed where the bond therefor is not furnished before the delay for the appeal expires.
It is appellants' contention that the delay for the appeal did not commence to run until April 23, 1948, the date on which the rehearing was refused, and that the appeal was completed, including the filing of the bond, within the one year period, and that the judge, by employing the phrase "nunc pro tunc" in dismissing the application for the rehearing, could not jeopardize appellants' rights.
Until a final judgment is signed, the party cast may apply for a new trial. Rivers Rails Terminals, Inc., v. Louisiana Ry. Nav. Co., 160 La. 931, 107 So. 700. Where a judgment is signed whilst a motion for a new trial is pending, the signing of the judgment is premature. See Mercer et ux. v. Natchez, B. S. R. Co. et al., 136 La. 187, 66 So. 774, 776, wherein the Court said:
"It has frequently been held that, so long as a judgment remains unsigned, it remains open to revision, and hence that a motion for new trial may, in such case, be filed after the expiration of the delay by which it would otherwise be excluded. (Citing cases.) It has also been held that, though a judgment, prematurely signed, does not preclude the exercise, by the party cast, of the right to move, within the delay allowed by law, for a new trial, yet that, in the absence of such motion, the signing will become effective upon the expiration of such delay. (Citing cases.) It follows *Page 404 
therefore that the motion filed on behalf of plaintiff, by defendant counsel, operated as a bar to the signing of the judgment of nonsuit which the counsel had obtained, and that, * * * notwithstanding that the judgment was actually signed,the signing was premature, because of the pendency of themotion, which kept it open to revision until it (the motion)was disposed of." (Italics ours.)
In Succession of Gilmore, 12 La. Ann. 562, it was held that:
"A judgment signed before a motion for a new trial is overruled, cannot be considered as having its effect until the motion is disposed of."
In Auto-Lec Stores, Inc. v. Ouachita Valley Camp No. 10, W. O. W., 185 La. 876, 171 So. 62, 63, the Court said:
"The motion for rehearing being timely filed, the judgment rendered in this case, though signed, is considered as not becoming legally effective unless and until the motion is overruled. Herold v. Jefferson, 172 La. 315, 134 So. 104.
"As the motion for rehearing was not denied until February 19, 1936, the judgment in this case did not become final until that date; and, as plaintiff perfected its appeal by filing its appeal bond in the lower court March 18, 1936, it is clear that the appeal was taken within the year after rendition of final judgment."
In Durbridge v. State, 117 La. 841, 42 So. 337, the question for decision was:
"* * * whether the year in which plaintiff had to take an appeal commenced to run from October 17, 1903, the day after the judge signed the judgment, or from June 23, 1904, the day the judge overruled the motion for a new trial. If from the former, the appeal was taken too late; if from the latter, it was in time."
The Court answered the question in the following language:
"* * * We think the action of the district court in holding back for decision the motion for a new trial postponed to the date of the action on that subject the date from which the time for taking the appeal should run. * * *"
As the application for rehearing was not denied until April 23, 1948, the judgment in this case did not become final until that date; and, as plaintiffs perfected their appeal by filing the appeal bond in the lower court on April 13, 1949, it is clear that the appeal was taken and completed within the year after the rendition of the final judgment. The judge a quo was without authority or right to give a retrospective effect to his ruling refusing the rehearing, so as to shorten the delay accorded plaintiffs by law for the taking of their appeal. Actus curiae nominem gravabit.
The motion to dismiss is denied.
Motion denied.