JANVIER, Judge.
John Snuggs brought this suit for $120 against Jasper O. Burrus and Anthony J. Oubre and the partnership of which they were members, which partnership was known as Orleans Construction Company.
On the allegation that Burrus had absented himself from the State in order to avoid service of process, plaintiff prayed for and obtained an order appointing a curator-ad-hoc to represent the absentee defendant, Jasper O. Burrus, and in due course there was judgment as prayed for against Burrus and Oubre. Plaintiff then filed a supplemental petition making Mr. and Mrs. James McConnell garnishees and seeking the seizure in their hands of any property which they might have belonging to Jasper O. Burrus, one of the defendants. When the garnishees, within the allotted time, failed to answer the interrogatories which had been propounded to them, there was judgment pro confesso against them for $120, with interest and costs, and for attorney’s fees of $25 and a curator’s fee of $25. This judgment was read and rendered on October 13th, 1952, and was signed on October 17th, 1952. On October 17th, 1952, Mr. and Mrs. McConnell filed a motion for a new trial in which they averred that the garnishment process and the judgment pro confesso which resulted therefrom were based on an illegal, null and void judgment against Burrus, for the reason that the judgment against him was a money judgment against an absentee represented by a curator “without the attachment of any property of the defendant within the jurisdiction of this Court * * and that the judgment *600 pro confesso had been taken against the garnishees in spite of the fact that there had been an agreement between counsel for the plaintiff and counsel fo-r the garnishees that no action would be taken in the garnishment proceedings until it could be determined otherwise whether the garnishees had in their possession, or would have in their possession, any money or property of the defendant, Burrus.
Counsel for Mr. and Mrs. McConnell say that the motion for the new trial was filed and that the order granting the rule to show cause why the new trial should not be granted was signed at nine o’clock in the morning, on October 17th, before the judgment pro confesso against Mr. and Mrs. McConnell was signed.
When the order granting the rule to show cause why a new trial should not be granted was signed, counsel for plaintiff filed an exception to the rule to show cause why the new trial should, not be granted, and in this exception counsel says:
“1. That movers did not pray for a new trial within the three day period as is required by the Code of Practice Article 558.
“2. That movers, not a party to the original suit filed herein, is attempting to attack the judgment rendered against the defendant.
“3. That any agreement between counsel should be in writing, filed in these proceedings, and be a part of the record, in accordance with Rule 8 of this Honorable Court. * * * ”
Mr. and Mrs. McConnell then filed answer to the garnishment interrogatories. A new trial was granted and on the new trial there was judgment “recalling, setting aside, avoiding the judgment pro confesso” which had been rendered against Mr. and Mrs. McConnell. It is from this judgment that Snuggs, the plaintiff, has appealed.
When the matter came before us counsel for plaintiff called attention to the fact that counsel for Mr. and Mrs. McConnell had not complied with our rule concerning the time within which their brief should have been filed and counsel objected to oral argument by counsel for Mr. and Mrs. McConnell. Consequently, we heard no oral argument on behalf of the appellees. However, their contentions are adequately set forth in their brief.
Counsel for Snuggs states that the only issue before us is the question of whether the trial court had the power to grant the new trial. There seems to be no attack on the judgment provided we determine that the lower court had the power to consider the application for the new trial and did not abuse'its discretion in granting it. And counsel for appellant asserts that for either or both ,of two reasons the trial court had no power to consider the application.
Our attention is directed to Article 558. of our Code of Practice. Counsel for appellant cites the article as. it appeared before the adoption of Revised Statutes of 1950, and therefore declares that an application for a new trial may not be considered unless it is filed “within three judicial days after such judgment has been rendered”. It is well to call attention to the fact that, as a result of the adoption of the Revised Statutes in 1950, it is now provided that, in the Parish of Orleans a new trial may be applied for provided the application is made “before the judgment is signed”. LSA-R.S. 13:4213.
Relying upon Article 558 of the Code-of Practice as it was before the adoption of the Revised Statutes of 1950, counsel for appellant maintains that, since the application here was not filed until the fourth-day after the judgment had been rendered,, it was filed too late and the trial court, had no power to consider it.
Counsel for the garnishees, on the-other hand, say that, even prior to the adoption of Revised Statutes of 1950, it was. well established that a new trial might be applied for at any time before the signing of the judgment, and they state that the judgment in the case at bar, although it was. signed on the 17th of October, was not *601 signed until after the application for the new trial had been filed and the order to show cause had been signed. If this is true, it seems that the judgment must have been signed inadvertently, since surely the trial judge would not have granted an order to show cause why a new trial should not be granted and then immediately signed the judgment as a result of which a new trial is sought. As a matter of fact, if the motion for a new trial was filed in time, then it follows that it should have been finally disposed of before the judgment could be effectively signed. Rogers v. Illinois Cent. R. Co., La.App., 40 So.2d 403; Rivers & Rails Terminals, Inc., v. Louisiana Ry. & Nav. Co., 160 La. 931, 107 So. 700; Mercer v. Natchez, B. & S. R. Co., 136 La. 187, 66 So. 774; Succession of Gilmore, 12 La. Ann. 562.
Furthermore, although there may have been a right in the lower court in its discretion to refuse to issue an order to show cause why a new trial should not be granted, once such an order is signed and a time for the hearing of the rule to show cause has been fixed by the judge, surely there remains in the Court no right to immediate^ ly sign the judgment without first talcing up and disposing of the rule for the new trial. Such a situation was discussed by this Court in Payne, Kennedy & Co. v. Katz & Barnett, 1 McGloin 18, in which we said:
“ * * * Defendants moved for a new trial, and the court a qua entertained the rule, fixed a day for its argument and trial, and issued the proper notices to the adverse parties. A bill of exceptions, however, duly certified, informs us that on the day fixed, before the opening of court and in the absence of counsel, and without argument or trial, the rule was dismissed. * * *»
“ * * * We believe the court was wrong in its action upon the rule for a new trial. While courts may possibly refuse to entertain or may dismiss a rule for a new trial at the time of its presentation, it does not follow that, having entertained the same and assigned a date for argument, as in this case, they may arbitrarily, without notice and in chambers, dismiss the motion before the time fixed for its return.”
We must therefore determine whether the application was filed in time, because if it was not, then counsel for appellant contends that, in accordance with the provisions of Article 548 of our Code of Practice, the judgment in favor of plaintiff becomes a property right of which appellant could not be deprived by the granting of a new trial.
Although Article 558, as it was prior to the adoption of Revised Statutes of 1950, placed upon the party cast, if he would seek a new trial, the obligation of applying for it within three judicial days after the rendition of the judgment, and although there are authorities which use language which seem to indicate a view that even if the judgment is not signed, an application for a new trial is too late if filed after the three days following the rendition of the judgment have elapsed nevertheless we feel that the better established rule was that until the judgment was signed a new trial might have been applied for.
In Succession of Dwyer, 4 Orleans App. 238, we held that:
“An application for a new trial, made within five years after the rendition of the judgment, -but before the judgment is signed, is within the legal delays for a motion for a new trial.”
In W. L. Pace Piano Co. v. Louisiana Seeburg Piano Co., 154 La. 749, 98 So. 174, 175, although the Court held that the application had been filed too late, it stated the rule as follows:
“The rule is that motions for new trial must be filed within 3 days after the rendition of the judgment, except in cases where the judgment is not signed. C.P. art. 558; Succession of Carraby, 23 La.Ann. 110.”
*602 In the past there has been much confusion and misunderstanding concerning the time within which a new trial might be applied for, and the difference between the rule in the Parish of Orleans and the rule in other parishes of the State has in itself been most confusing. This is made evident by a reading of two Law Review articles: “The Distinction between the Rendition and Signing of Judgments in Louisiana,” 24 T.L.R. 470; and “Commencement of the Delays for the Taking of Devolutive and Suspensive Appeals,” 9 L.L.R. 509.
We think, however, that counsel have failed to note the significance of LSA-R.S. 13:4213, which seems to clear up the confusion which has heretofore existed, for in that section, as we have already shown, it is made clear that in the Parish of Orleans, however tardily the judgment may be signed, until it is signed an application for a new trial may be made.
So far as we can tell from the record there is no dispute that the application for a new trial was filed at about nine o’clock in the morning on October 17th, and the order fixing the time for the hearing of the rule to show cause why a new trial should not be granted was signed at that time, whereas the judgment was not signed until later during the day. Accordingly, since the new trial was applied for before the judgment was signed, we must assume that the judgment was signed inadvertently.
We feel that we should not close the discussion of the matter without calling attention to a decision of the Supreme Court rendered in Foster v. Kaplan Rice Mill, Inc., 203 La. 245, 13 So.2d 850, in which the Court held that a judgment is not “rendered” until it is signed. If this be true, then regardless of whether the application, which was filed on October 17th, was filed before the signing of the judgment or afterward, nevertheless it was filed within three days of the time at which the judgment was “rendered”, since under the last decision referred to, the judgment was'not “rendered” until it was signed.
It is well established that the granting or the refusal of the new trial is within the sound discretion of the trial court. De-Frances v. Gauthier, 220 La. 145, 55 So.2d 896.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.