HAMITER, Justice.
 

 Having paid under protest taxes assessed against it by the State of Louisiana under the authority of LRS 47:671 et seq. (generally referred to as the gas gathering tax statute) the plaintiff, Southern Natural Gas Company, instituted this action in the District Court of East Baton Rouge Parish to compel the Collector of Revenue to refund the taxes so paid, it pleading that the tax statute is unconstitutional as being violative of certain specified provisions of the federal Constitution. When the suit was filed there was pending before the same tribunal another proceeding in which an attack was being made on the validity of such statutory enactment, the plaintiff therein urging that it violated Article 10, Section 21 of the Louisiana Constitution.
 

 Ultimately, the district court ruled in the pending case that the gas gathering tax levy was prohibited by the cited article and section of the Louisiana Constitution. And on an appeal we affirmed the judgment. See Bel Oil Corporation et al. v. Fontenot, Collector of Revenue, 238 La. 1002, 117 So. 2d 571.
 

 Prior to the rendition of our mentioned decision this plaintiff also was awarded a judgment by the district court, the reasons therefor being the same as those assigned in the Bel case even though it had not theretofore specifically pleaded that the gas gathering tax statute violated the Louisiana Constitution. Plaintiff immediately, as: a precautionary move, requested that the case be reopened so as to permit it to specially plead that the Louisiana Constitution prohibited the taxes assessed. Over defendant’s strenuous objections, a new trial was granted; and plaintiff then, in a document labeled “Supplemental and Amended Petition”, presented the plea. Subsequently, the district judge reinstated his original judgment.
 

 On this appeal the defendant does not question the correctness of our holding in the Bel case. His counsel merely argue that the constitutionality of a statute is presumed and that a court cannot consider a plea of unconstitutionality unless timely presented (they point out that plaintiff’s plea was not filed until after the case was reopened). To support this argument numerous decisions are cited. We have no quarrel with the holdings of the cited cases
 
 *476
 
 and readily recognize the well established rule contained therein; but we do not consider the decisions and rule applicable to the present situation. Clearly there can be no presumption of validity respecting the legislation assailed herein, for previously it was declared unconstitutional by us in the Bel case; whereas, in the cited cases there had been no prior declarations by this court of the unconstitutionality of the statutes attacked.
 

 Appropriate here is State v. Cormier et al., 171 La. 1035, 132 So. 779, 781, wherein an almost identical situation was presented. There the defendant, in support of his motion to quash, relied on Article 218 of the Code of Criminal Procedure. The court, ex proprio motu, declared the article to be unconstitutional and ineffective, it observing: “It should be observed that no plea to the constitutionality of article 218 of the Code was filed in this case. However, in the case of State v. Jacques (La. Sup.), 132 So. 657, this day decided, such a plea was filed, that case being the first one presented to this court in which the unconstitutionality of article 218 was directly raised by the pleadings, and, substantially, for the reasons here assigned, the plea was sustained. Therefore article 218 of the Code has no existence as the result of the decree in that case. * * * ”
 

 Moreover, in the instant case, as we have pointed out, the plaintiff specially pleaded in the district court that the statute in question violated Article 10, Section 21 of the Louisiana Constitution. True, the defendant complained there of the granting of a new trial for the purpose of permitting the alleging of a constitutional question omitted from the original petition and, further, of the fact that there was no formal service on him of the supplemental petition filed. But such complaints were, we think, without merit.
 

 On innumerable occasions we have said that new trials may be ordered by the district judge in his sound discretion and in the interest of justice. Nessans v. Colomes, 130 La. 375, 57 So. 1010, Succession of Robinson, 186 La. 389, 172 So. 429 and Rawls v. Brotherhood of Railroad Trainmen Insurance Department, Inc., 213 La. 899, 35 So.2d 809. In this cause clearly there was no abuse of the judge’s discretion, the new trial having been granted in the manifest interest of equity and substantial justice.
 

 Nor do we think that formal service on the defendant of the so-called supplemental and amended petition was necessary. Although thus labelled, it was in effect nothing more than a plea or exception of unconstitutionality.
 

 For the reasons assigned the judgment appealed from is affirmed.