CULPEPPER, Judge.
In the above numbered and entitled cause, plaintiff has appealed from a judgment (rendered after a new trial) denying plaintiff’s motion for judgment pro con-fesso against the garnishee, Kinder Rice Dryer, Inc. In the companion case entitled Kinder Rice Dryer, Inc. v. Marcantel, La.App., 134 So.2d 618, in which case we have this date rendered a separate decision, plaintiff has appealed from a judgment setting aside the original judgment pro confesso against the said garnishee and granting a new trial to said garnishee in these proceedings entitled “Oleno Marcantel v. Severen Manuel et al.”
The record shows that on June 13, I960, a judgment by default was rendered in favor of Olena Marcantel, on behalf of his minor son, Jerry Marcantel, and against Theo O. Cormier, one of the defendants in those certain proceedings bearing No. C-260-59 on the docket of the Thirty-first Judicial District Court for the Parish of Allen. The judgment awarded workmen’s compensation benefits at the rate of $23.40 per week from September 15, 1958, during .disability, for a period not in excess of 400 weeks, together with medical expenses, penalties, attorneys fees and court costs. Said judgment further provided that the amount of compensation accrued was the sum of $2,129.40.
Thereafter, on September 2, 1960, petitioner Marcantel obtained an order directing garnishment process to be issued to Kinder Rice Dryer, Inc., directing it to answer certain interrogatories. These interrogatories were served on September 3, 1960, and thereafter, on September 10, 1960, Kinder Rice Dryer, Inc. executed an answer to the interrogatories, setting forth that they had no assets belonging to the defendant, Theo O. Cormier. However, through neglect and oversight on the part of the Notary Public, before whom the garnishee executed its answer, they were not timely filed within ten days after service.
On Friday, September 16, 1960, no answer to the interrogatories having been timely filed, the petitioner, Oleno Marcan-tel, secured a judgment pro confesso against the garnishee, Kinder Rice Dryer, Inc. for “the sum of $9,360 for 400 weeks compensation; $2,500 for medical expenses already incurred; 12%' of all compensation due at the date of judgment; fee of Dr. Geo<rge P. Schneider, Jr., in the amount of $50; plaintiff’s attorney’s fees in the amount of $1,500, and all costs of these proceedings.”
It wasn’t until Monday, the 19th day of September, 1960, that the notary filed the sworn answers to the interrogatories. On Wednesday, September 21, 1960, which was admittedly within the delay of three judicial days for applying for a new trial, Kinder Rice Dryer, Inc. filed the proceedings entitled Kinder Rice Dryer, Inc. v. Oleno Marcantel bearing docket No. C-325-60 on the docket of the Thirty-first Judicial District Court for the Parish of Allen, and obtained therein a rule ordering the defendant, Oleno Marcantel, to show cause why the court should not set aside the judgment pro confesso which had been rendered in the suit entitled:
“Oleno Marcantel, on behalf of his minor son, Jerry Marcantel
vs. No. C-260-59
Severan Manuel and
Theo O. Cormier and
Kinder Rice Dryer, Inc.”
In the alternative, and in the event the court refused the rule to set aside said judgment pro confesso, Kinder Rice Dryer, Inc. prayed that its petition be considered as a motion for a new trial in said suit No. C-260-59.
To said petition in the matter entitled “Kinder Rice Dryer, Inc. v. Oleno Marcantel” bearing No. C-325-60, the said Oleno Marcantel filed an exception of no *617 cause or right of action on the grounds that Kinder Rice Dryer’s application for a new trial should have been docketed under the same number and in the same proceedings in which the pro confesso judgment was granted. The trial judge sustained this exception insofar as the petition of Kinder Rice Dryer, Inc. sought a rule to show cause why the judgment pro confesso should not be set aside, but the said exception of no cause of action was overruled insofar as it was directed at Kinder Rice Dryer, Inc.’s motion for a new trial. During the trial of the motion the entire record in suit No. C-260-59 was filed in evidence without objection. After hearing and argument of the motion for a new trial, the lower court held that the judgment pro confesso was erroneous for the reason that it was for $9,3fi0 for 400 weeks compensation whereas the original workmen’s compensation judgment on which the garnishment proceedings were based was for benefits at the rate of $23.40 per week, during disability, for a period not exceeding 400 weeks of which only the sum of $2,129.40 in compensation payments had accrued. Having found its original judgment pro confesso to be erroneous the lower court accordingly granted a new trial and entered a new judgment annulling and setting aside the said judgment pro confesso. Oleno Marcantel then prosecuted this appeal.
 Plaintiff-appellant’s first argument before this court is that the trial judge erred in overruling the exception of no cause of action. In support of this exception plaintiff contends that a motion for a new trial must be filed in the same proceedings and under the same docket number as the case on which a new trial is sought. In disposing of this argument, the trial judge pointed out, that although the application for a new trial was filed under a different docket number, it clearly and precisely identified by docket number and title the proceedings in which a new trial was sought. The district judge correctly stated “the courts are enjoined to liberally interpret the rules of civil procedure so that the real rights of the litigants may be protected.” As additional authority for our refusal to find that the lower court erred in overruling the exception of no cause of action we rely on the well settled jurisprudence that the granting of a new trial rests largely within the discretion of the trial court. See Southern Natural Gas Co. v. Roland, 240 La. 471, 123 So.2d 891 and the authorities cited therein. In the instant case, the granting of the new trial was in the manifest interest of equity and substantial justice and there was clearly no abuse of the lower court’s discretion in this regard.
Plaintiff’s next argument on appeal is that the lower court erred in its legal reasons for setting aside the judgment pro confesso. Plaintiff cites LSA-R.S. 23:1333 which reads as follows:
“Employer’s insolvency or failure to pay after judgment; acceleration, of payments
If the employer against whom judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become execu-tory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.”
Under the above cited statute, appellant contends that the employer, Theo O. Cor-mier, had failed to pay 6 successive installments under the original workmen’s compensation judgment and that therefore the entire 400 installments automatically became due, without any further action or order on the part of the court. Plaintiff argues that therefore the judgment pro con-fesso against the garnishee in the sum of $9,360 for 400 weeks compensation was correct. This argument has been answered by our Supreme Court in the case of Dixon *618 v. King, 178 La. 1, ISO So. 385 in which the court held that the above quoted statutory provisions apply only to a judgment awarding workmen’s compensation for a definite period, such as for the loss of a member, and do not apply to a judgment awarding payments only during the time of disability, not exceeding a prescribed maximum period. See also Malone’s “Louisiana Workmen’s Compensation” Section 388. Therefore, in the instant case, it is clear that the judgment pro confesso was erroneous.
Appellant contends next that the garnishee, Kinder Rice Dryer, Inc., is merely a stakeholder whose only duty is to answer truthfully the interrogatories and that the garnishee cannot inquire into the merits of the controversy between the judgment creditor, Oleno Marcantel, and the judgment debtor, TheO' O. Cormier. In our opinion, plaintiff has correctly stated the law as to the garnishees, but in the instant case, Kinder Rice Dryer, Inc. has made no attack whatever on the original workmen’s compensation judgment in favor of Oleno Marcantel. The garnishee here has attacked only the judgment pro confesso which adversely affects the garnishee and is clearly erroneous for the reasons set forth above.
In the alternative, plaintiff contends .that even if the lower court properly granted the motion for a new trial, it should not have annulled entirely the judgment pro confesso, but should have reduced it to the amount actually due under the original workmen’s compensation judgment. This argument has no merit. After granting a new trial the lower court had the right to try the case de novo and then render any new judgment which it saw fit. In our opinion the trial judge was correct in concluding that the original judgment pro con-fesso was erroneous, inequitable and uncon-sionable and must be annulled entirely. Plaintiff has cited no authorities which support his argument in this regard.
Appellant’s final argument is that during the new trial the lower court should have retired only the issue as to whether or not the answers to the interrogatories were timely filed. Plaintiff contends that the lower court improperly considered the answers to interrogatories, filed on September 19, 1960 after rendition of the judgment pro confesso. This argument also is clearly without merit. Once the lower court concluded that its original judgment pro confesso was erroneous it had the right to set the same aside and then to proceed with a new trial considering whatever evidence it desired. The new trial was de novo at a time after the answers to the interrogatories had been filed and were properly before the court. See Defatta & Sons v. Hyde, 19 La.App. 264, 140 So. 76 (2d Cir. App. 1932) and Snuggs v. Burrus, 67 So.2d 599 (Orleans App. 1953) in both of which cases new trials were granted after judgments pro confesso and the said judgments were set aside on the basis of new evidence.
For the reasons hereinabove set forth the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.