REDMANN, Judge.
Suit was filed by Robert Sumrall for personal injuries and by his employer for property damages (and partial subrogation to wage-loss claim) against Gilbert Tros-clair and his liability insurer. Trosclair reconvened for personal injuries and property damages.
From judgment rejecting the main demand and granting the reconventional demand Sumrall and his employer appeal.

Refusal of New Trial

Appellants first complain of the refusal of a new trial. They initially moved for. new trial on the basis that the judgment was clearly contrary to the law and the evidence, C.C.P. art. 1972 subd. (1), asserting that Trosclair’s version of the accident, and the reasons for judgment, were in irreconcilable conflict with photographs of the scene immediately after the accident. Then, by supplemental motion, they asked for a new trial on the further basis that, the original trial judge having left office (after judgment but before motion for new trial), the successor trial judge was not in a position to rationally exercise discretion in determining whether to grant a new trial since he had not heard the evidence.
Appellants cite Southern Natural Gas Co. v. Roland, 240 La. 471, 123 So.2d 891. (1960), as holding it a matter of the trial court’s discretion whether to grant a new trial (there, to allow alleging a constitutional question). In many cases it no doubt is discretionary. But appellants’ statutory ground was the mandatory one of C.C.P. art. 1972 subd. (1), in which the trial judge does not have discretion, but “shall” grant a new trial.
As to appellants’ first ground, we conclude that the' question whether C.C.P. art. 1972 subd. (1) requires a new trial becomes moot at this appeal stage of the proceedings.[1] If our review of the record shows that the judgment in fact “appears clearly contrary” to law and evidence, then in the interest of efficient judicial administration we ought to reverse and render rather than remand for a new trial (and possibly another appeal after the new trial).
Similarly as to the second ground we point out that, to the extent that a complete record (including transcript) might have enabled the successor trial judge to evaluate the original judgment and exercise discretion, this court will discharge this function on appeal. But in a case where the record would not enlighten the successor trial judge’s discretion (because, e. g., the judgment resulted from an evaluation of the credibility of conflicting witnesses), there exist only two alternatives: either the original judgment must be allowed to stand or a new trial with further or repeat testimony (perhaps contrary to C.C.P. art. 1978) must be ordered. Thus either the movers must lose the remote possibility that the original judge on reconsideration might have reversed his credibility call, or else the opponents must lose the judgment resulting from the credibility call and face a new trial (perhaps with different testimony) that could reach an opposite result. In our judgment the choice is clear. From the point of view both of judicial administration and fairness to litigants, the doubtful loss to movers, although undesirable, its preferable.

Merits

Sumrall, driving his employer’s truck south, and Trosclair, driving his own truck north, collided on a straight segment of a two-lane highway. Trosclair’s testimony was that he had slowed to a stop in order to make a left turn, when Sumrall, travel-ling at an excessive speed (the limit was 60 mph), lost control and crossed into Trosclair’s lane. Two ladies who testified *923 they witnessed the accident from a camp porch some 175' away lend substantial support to Trosclair’s version of Sumrall’s speed and apparent loss of control. They both testified positively that Trosclair had stopped before they heard the screeching of brakes.
Sumrall’s testimony was that he was approaching Trosclair at 50 mph when Tros-clair, apparently not seeing Sumrall, actually began his left turn, beginning at a time when Sumrall was very close (at one point he estimated less than 20 feet away); that Sumrall’s natural and reasonable reaction was to attempt to pass around Tros-clair in Trosclair’s lane, but at that point Trosclair realized the danger and he too turned back into his own lane.
The strongest support for Sumrall’s testimony is that of the investigating deputy marshal that on the day following the accident he went to Trosclair’s home for a statement of how the accident happened, and Trosclair told the marshal at that time substantially the same story that Sumrall told at trial.[2]
The trial judge’s reasons for judgment do not mention the marshal’s testimony, but they do stress that the judge was “impressed” by the testimony of the two lady witnesses. Their testimony included assertions that they had observed Trosclair’s' movements and did not see him (or that he did not) cross into Sumrall’s lane. Evidently the trial judge was not “impressed” with, i. e., he did not believe, the marshal’s testimony. Perhaps the trial judge saw confusion on the marshal’s part that the record cannot reflect, perhaps some substitution of Sumrall’s version for Trosclair’s. We cannot suppose that the trial judge’s judgment gave any credence whatsoever to this aspect of the marshal’s testimony, and we are simply not in a position to reverse the trial judge’s ruling evidently based on credibility.
Appellants recite several minor inconsistencies in testimony, etc., which do not merit discussion. With the marshal’s testimony disregarded, there is no substantial argument of manifest error in the trial court’s resolution of the facts as to liability.
Appellants do not dispute quantum.
The judgment is affirmed.
Affirmed.

. Appellants’ application for writs was refused by this court and, 257 La. 978, 244 So.2d 853, by the supreme court.

. Appellants also argue that the physical evidence contradicts Trosclair’s version, but no expert testimony explained the significance of truck positions, etc., and we see no obvious conflict.