436 So.2d 1338 (1983)
In the Matter of the ESTATE OF Dorothy Mae HAGAN, Deceased
v.
Ray H. FIKE, et al.
No. 83-CA-330.
Court of Appeal of Louisiana, Fifth Circuit.
August 8, 1983.
*1339 John L. Diasselliss, III, LaPlace, for defendants-appellants.
William O'Regan, III, LaPlace, for plaintiff-appellee.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendants, Ray H. Fike and Wanda Lou Fike appeal from the trial court judgment denying their motions for continuance and a new trial. The issue on appeal involves whether the trial court abused its discretion by denying the motion for new trial filed by the defendants.
The foundation of this appeal commenced when the plaintiff filed a petition to make a foreign judgment executory against the defendants in February of 1981.
There existed a valid judgment from the state of Kansas and this judgment was made executory by default in Louisiana on April 8, 1981. Subsequently, the defendants filed a petition to nullify the judgment alleging they were not properly served. The suit for nullity was set for trial on October 12, 1982. The defendants failed to appear at the time for the trial and the trial court denied their counsel's oral motion for a continuance and dismissed their action for nullity with prejudice.
As a result, defendants filed a motion for new trial alleging they mistakenly went to the wrong courthouse. After realizing their error, they arrived at the proper courthouse whereupon they discovered that the trial court had dismissed their petition. The trial court reviewed the motion for a new trial, but refused to grant a new trial. Defendants have perfected this appeal.
On appeal, defendants argue that because they mistakenly went to the wrong courthouse in another parish, they arrived too late to have their day in court and were denied justice. We disagree. The trial court's refusal to grant a continuance and the subsequent denial of the defendants' motion for a new trial was not an improper use of its sound discretion. Abuse of the trial court's discretion arises only under those legal circumstances which tend to deprive or hamper the litigant's right to a fair and just trial.
The jurisprudence accords the trial court great discretion in granting a new trial or a continuance. Southern Natural Gas Company v. Roland, 240 La. 471, 123 So.2d 891 (1960). The appellate courts will not interfere in decisions of the trial court denying motions for a new trial unless there has been a clear abuse of discretion. Allen v. Riley Mobile Home Sales Inc., 307 So.2d 773 (La.App. 3rd Cir.1975).
Although the defendants were not present in court at the designated time for trial, the record reflects that the trial judge considered their testimony as insufficient *1340 for judicial resolution. The only evidence to be introduced as to the manner of review of process was the testimony of the defendants. The trial judge commented on this fact: "Unless you (defense counsel) have the testimony of the police officer which negates service, you know, no matter what they say, everything they say is self-serving." The trial judge continues by stating to the defense counsel: "... unless service of process can be shown affirmatively not to have been done ... your motion for nullity of judgment is over with."
The record clearly shows on the citation that the sheriff's office had made personal service on both Ray Fike and Wanda Lou Fike. Consequently, we hold that the trial judge was correct when he stated: "Because of the fact that there is no evidence [except for the self-serving testimony of the defendants] to show improper service and the service does reflect that the sheriff's office did serve him, then the petition for nullity of judgment is going to have to be knocked out."
With regard to the Sheriff's return of citation, the law in Louisiana is clear. This process is prima facie evidence of service. Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1st Cir.1976). In Hood, our learned brethren set forth the law when the court announced:
"These returns, when properly attested to, are given great weight and the burden rests on the party attacking them to establish their incorrectness. This burden can only be met by a clear and convincing proof that the endorsements contained thereon are erroneous. Our settled law is that a return can not be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer." (citations omitted)
The record further reflects that the defendants petitioned the court for the nullity of judgment in August, 1981, and on the motion of their attorney the matter was set for trial on February 9, 1982, which date was continued at the request of both attorneys. On February 11, 1982, the case was re-set for trial on October 12, 1982 (over 8 months later).
On June 14, 1982, at the request of plaintiff's attorney, a judgment debtor rule was also set for October 12, 1982. This motion was personally served on the defendant, Ray Fike, ordered him to appear in the 29th Judicial District Court for the Parish of St. John the Baptist on the 12th day of October, 1982, at 10:00 O'clock A.M. Not only did they discuss their appearance in court with their attorney on their petition, but Ray Fike was ordered to appear in court for a judgment debtor rule. Defendants had adequate notice to appear in court and the trial judge as previously noted considered their anticipated testimony and accordingly, dismissed their petition for nullity and denied defendants' motion for a new trial.
In light of the above stated reasons, we find that the trial court did not abuse its discretion in denying the motions for continuance and a new trial, therefore the judgment of the district court is affirmed in all respects.
All costs of the appeal are to be paid by the appellants.
AFFIRMED.