## HARRY L. CURTIS

*vs.*

## GEORGE J. JACOBSON, DOING BUSINESS AS PRIME TAXI COMPANY.

Cumberland.    Opinion, May 2, 1947.

*Berman, Berman and Wernick,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FEL-
LOWS, JJ., AND MANSER, ACTIVE RETIRED JUSTICE.

TOMPKINS, J.    This is an action on the case to recover for
damages sustained as the result of a collision between a taxicab
owned by the defendant and the automobile of the plaintiff. The
defendant pleaded the general issue. The case was submitted
to the jury which returned a verdict for the plaintiff, and it is
now before this court on defendant's general motion for a new
trial.

The defendant's agent, the driver of the taxicab, gave a signed
statement to the defendant's counsel to the effect that on the
night of October 20th, 1945, at approximately 9:30 P. M., he
parked the taxicab on private property in the driveway of the
Forest diner located on St. John Street in the city of Portland.
The driver states that he left the motor idling because there
had been a new motor job on the taxi and if he had shut the
motor off it would be difficult to start again because the pistons
had not been used very much. He went into the diner and
ordered a meal, and from where he sat, he stated, he could see
the taxicab at all times. Between three and five minutes elapsed
between the time when he observed the taxi and on looking dis-
covered it had disappeared. When the driver of the taxicab
discovered it was missing he immediately set out in another
taxi looking for his own taxicab. He learned that the taxicab
was involved in an accident in front of the Eye and Ear Infirm-
ary. On going to the scene of the accident he found the taxicab

that he had been driving in collision with the parked car owned by the plaintiff.

The plaintiff had parked his car close to the curb on the right hand side of Bramhall Street in the city of Portland, in front of the Eye and Ear Infimary. This was a distance of a little more than a mile from where the defendant's taxicab was parked. The plaintiff stated that he left his car in gear, ignition locked, steering gear locked, and the car doors locked, and had the key with him.

Apparently fifteen or twenty minutes had elapsed between the disappearance of the defendant's taxicab and its location in collision with the plaintiff's car. It must be inferred that the defendant's taxicab was being operated at the time of the collision by a driver who had stolen it. Whoever drove the defendant's taxicab from where it was parked on the diner driveway was never apprehended or identified. The driver of the defendant's taxicab could not be found at the time of the trial. His signed statement was offered by the plaintiff and admitted by agreement.

The plaintiff's contention is that by parking the taxicab unattended, with its motor running, at night time, the defendant's agent created an unreasonable risk of harm to the plaintiff by virtue of the fact that the theft of the taxicab was invited, with the reasonably foreseeable likelihood that the thief would drive improperly, especially in making his getaway, and that the jury having so found the fact, it is final.

The defendant's position is that his liability in this respect is purely a question of law for two reasons. First, there is no evidence on this record that anyone's negligence caused the plaintiff's damage. Second, the act of the defendant's servant in leaving the taxi with the motor running, off a public way, within the servant's view, was not the proximate cause of the plaintiff's damage.

Automobiles are not inherently dangerous, *Mitchell* v. *Reitchick*, 123 Me., 30, and are not classed as explosives and other

dangerous instrumentalities. Huddy on Automobiles, 8th Ed., Sec. 36. Nor are they such dangerous instrumentalities as to render the owner or operator liable as an insurer for injuries caused thereby. 5 Am. Jur., page 523, Automobiles Par. 11. The automobile of the defendant was harmless where parked and when unused threatened no injury to the plaintiff. The negligent use might injure the plaintiff but the automobile unused was harmless. The plaintiff contends, however, that by parking the automobile unattended, at night time, with the motor running, the defendant's agent created an unreasonable risk of harm to the plaintiff, because by his act the theft of the taxi was invited, and there was a reasonably foreseeable likelihood that the thief would drive improperly in making his escape. For the purpose of the discussion of this point we concede, without so deciding, that the act of the driver in parking the car with the engine running was negligence. It must be remembered that the defendant's taxicab was not parked in the street but upon private property. No city ordinance or statute of the State was being violated.

It is true that the owner of an automobile has been held liable in various cases where the machine was parked in violation of some ordinance or statute for the damage ensuing from its careless operation by a thief or intermeddler. In most of the cases the interpretation of the statute fixed the liability of the defendant. The defense claims that leaving the taxi with the motor running, off a public way, within the driver's view, was not negligent under the circumstances, and if it was it was not the proximate cause of the plaintiff's damage, because of the unforeseeable, willful and illegal act of a third person. The rule in this state is stated in *Hawkins* v. *Theatre Co.*, 132 Me., 1, as follows: "A recovery may be had even though the willful or negligent act of a third person intervenes and contributes to the injury, provided such act should have been foreseen," and cases there cited. In that case the defendant had solicited the patronage of children to his theatre and distributed balloons to

them, thus creating a condition in his theatre which called for more oversight than was given, according to the plaintiff's contention. The court said:

> "The management of the theatre might well have been charged with notice that the filling of the balcony with children and giving out of the balloons would result in boisterous and unruly conduct. It was accordingly its duty to take reasonable precautions to restrain the ordinary conduct of children under such circumstances. It was under no obligation to provide an attendant for every child or to anticipate the isolated, willful and sudden act of one boy, the natural tendency of which was to inflict serious harm upon another."

In the absence of evidence that the defendant had any warning, or the incident ever had happened before, it was not a danger which the defendant was bound to have foreseen or to have guarded against.

In *Frashella* v. *Taylor*, 157 N. Y. S., 881, defendant's car was started by some boys while the driver was in the act of delivering some goods in front of the plaintiff's premises. The court said:

> "It appears that these boys were playing in the street and had jumped on the truck and started it by pulling the controller and the brake. I cannot find that the plaintiff has either pleaded or proved any cause of action. The automobile was started by the willful act of the boys and concededly the defendant is not responsible for their act. The only negligence which the plaintiff has attempted to plead or prove is negligence in leaving the automobile in a situation where the boys could reach the lever without being seen or stopped. Such an act does not constitute negligence. The defendant was not bound to provide against the act of willful wrongdoers even though the wrongdoers were small boys."

In *Rhad* v. *Duquesne Light Company*, 255 Penn., 409, the defendant's chauffeur set the brakes and left the car standing at the curb on a down grade, and a twelve-year-old boy released the brakes so that the car started down grade and struck the plaintiff. The court held the boy's interference was the proximate cause of the injury. The defendant, even though negligent, was not liable.

In the case of *Hatch* v. *Globe Laundry*, 132 Me., 379, on which the plaintiff places great stress, and electric automobile driven by the defendant's servant was left parked upon the street and headed down hill on a grade. The circuit breaker was not removed. With this removed power could not pass to the motor. Small children were playing about the street, which was known to the driver of the truck. While the driver was delivering laundry to a house, he was away from the truck some four or five minutes. Two small children, four and five years of age, playing near, started the truck by turning the wheel controlling the rheostat. The court cited the rule in *Hawkins* v. *Maine and New Hampshire Theatre Co.*, supra. The defendant was held liable to a bystander who was injured in attempting to stop the car. The court found that it was a reasonably foreseeable fact that small children would tamper with the truck. The court in commenting on the opinion in *Rhad* v. *Duquesne Light Co.*, supra, which was cited by counsel for the defense in the *Hatch* case said that the *Rhad* case was within the rule laid down in the *Hawkins* case, and it was clearly distinguishable from the *Hatch* case because the conduct of a boy of twelve is no measure of what should be expected from one of five.

Most of the cases where the defendant has been held liable for damage involved the negligence of the owner or operator of the motor vehicle in leaving it unattended, without taking any precautions to prevent small children, playing about the place where the vehicle was left, from setting it in motion, because it is a matter of common knowledge that boys are likely to experi-

ment with the operation of any mechanism which can be set in motion, whereas it is unreasonable to suppose that a person who has reached years of discretion will do so.

Then there is the other class of cases involving a statute or local ordinance regulating the parking of cars upon public highways. In that class of cases the owner who has violated that statute has had to respond in damages when the willful act of a third party has intervened, and at other times has not been held liable, depending upon whether the injuries were the consequences that the statute or ordinance was intended to prevent. In Massachusetts the owner or operator of an unlicensed or unregistered automobile is liable without regard to negligence for injuries caused by the operation of the car on the highway. In the application of this rule it was held in *Malloy* v. *Newman*, 310 Mass., 269, where the owner of an unregistered automobile left it on the highway, from which it was stolen, that it was not necessary in order to find the owner liable for the death of a third person who was killed when struck by the car while being driven by a thief, to show that the owner should have anticipated the wrongful conduct of the thief in stealing the car and later killing the person while driving at an excessive rate of speed, but that it was enough for the plaintiff to show that the death was due to the combined effect of the wrongdoing of the owner of the car and that of the thief; two justices dissenting being of the opinion that the trial judge's direction of a verdict for the defendant should stand, claiming that the case was governed by the authority of *Slater* v. *T. C. Baker Company*, 261 Mass., 424. In the latter case the owner of the automobile parked it on a public street opposite his place of business, in constant view of his employees, unlocked, with the key in the lock and the brake not fully set, in violation of a statute. In an action for personal injuries caused by one feloniously appropriating the automobile and driving it at a high rate of speed through the public streets, the court sustained a directed verdict for the defendant upon the ground that the larceny of the

automobile and its use by the thief were intervening, independent acts which the owner was not bound to anticipate and guard against.

The *Slater* case, supra, was held to govern the decision in *Sullivan* v. *Griffin* (1945) 318 Mass., 359, sustaining a directed verdict for the defendant where it appeared that the defendant left his automobile in his driveway so that it extended nearly across the sidewalk to the gutter, with the ignition key in the switch and the window open, and went into his house, from which he could not see his car; that two boys removed the key, and that other boys started the car and while driving at an excessive rate of speed struck and killed a pedestrian. The defendant violated an ordinance against parking upon the sidewalk and a statutory provision against leaving a car unattended and not locked, and the statute provided that the violation of the statute or ordinance was evidence of negligence as to all consequences that are intended to be prevented. The court said that injury sustained through the operation of the car by thieves, in the circumstances, was not a consequence that was intended to be prevented by the statute; that the negligence consisted in violating the law and was without legal consequence unless it was a contributory cause of the injury; and that the injuries in the case were not the proximate result of the defendant's negligence, and that to hold the defendant liable would go far towards making him an insurer as to the consequence of every accident in which his car could be involved while operated by thieves or their successors in possession.

It was held in *Castay* v. *Katz & Berthoff*, 140 So., 76, that where a thief or intermeddler drove a motor truck, negligently parked unattended in the street, with the engine running, and collided with another truck to the injury of the occupants thereof, the act of the intermeddler was an intervening efficient cause, and the proximate cause of the accident, and the owner of the first truck was not liable because of the theft of the truck, and

the subsequent collision was a too remote consequence of the negligent parking of the truck to have been reasonably within the contemplation of the defendant's driver, and the intervening act of the thief was sufficient to break the sequence of the defendant's negligence so as to establish the intervening cause as the efficient one proximately causing the accident.

In *Kennedy* v. *Hedberg,* 159 Minn., 76, the court said:

"The act of the owner and driver in leaving the motor running is not the proximate cause in an injury to a pedestrian, inflicted, when the person in attendance wrongfully attempted to move the automobile from the place where the owner left it, and that it was unnecessary to enter upon a discussion of the doctrine that legal responsibility for an accidental injury cannot be fastened upon a man unless his act or failure to act was the proximate cause of the injury. If his act or omission only became injurious through the distinct wrongful act of another, the last act is the proximate cause of the injury and will be imputed to it."

In *Brecker* v. *Lakewood Water Co.,* 174 A., 478, the supreme court of New Jersey said:

"Defendant's negligence is too remote to constitute the proximate cause where the independent, illegal act of a third person which could not reasonably have been foreseen and without which such injury would not have been sustained intervenes."

In *Illinois Central R. R. Co.* v. *Oswald,* 338 Ill., 270, the court said:

"The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with the negli-

gence should have foreseen the precise injury which might result from his act. If the negligence does nothing more than furnish the condition by which an injury is made possible, and that condition causes the injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury and the intervening and efficient cause is the new and independent force which breaks the causal connection between the original wrong and the injury, and itself becomes the direct and immediate cause of the injury. One act may furnish the occasion for another act, and such second act may be the cause of the injury without the first act in any manner being a contributing cause of such injury. The second act may be the result of some intervening cause in no manner flowing from the original act, but which cause is given the opportunity to operate through the occasion furnished by such original act. The cause of the injury is that which actually produces it, while the occasion is that which provides the opportunity for the causal agency to act."

In *Ward* v. *Southern Ry. Company*, 206 N. C., 530, thieves crawled on railroad cars and threw coal therefrom, striking a brakeman, the court said:

"The general rule of law is that if between the negligence and injury there is an intervening crime or willful and malicious act, and the third person produces the injury, but that such act was not intended by the defendant and could not have been reasonably foreseen by it, the causal chain between the original negligence and the accident is broken,"

and cases there cited.

Negligence is the proximate cause of an injury only when the injury is the natural and probable result of it and in the light of attending circumstances it ought to have been foreseen by a person of ordinary care. To the same effect *Aune* v. *Oregon*

*Trunk Ry. et al,* 51, P. (2d), 663. The question involved is whether the defendant's act, if negligent, can be considered the direct and proximate cause of the injury. The defendant contends that it cannot. "There can be no fixed and immutable rule upon the subject that can be applied upon all occasions. Much therefore depends upon the circumstances of each particular case." *Page* v. *Bucksport,* 64 Me., 51.

In considering motion for a new trial the evidence must be viewed in the light most favorable to the plaintiff. On the defendant is the burden of proving that the jury verdict is manifestly wrong. *Marr* v. *Hicks,* 136 Me., 33. It cannot be said as a matter of law that the defendant's agent was negligent under the circumstances of this case. There was no evidence of surrounding circumstances that defendant's driver had any warning, nor was there such a situation as would put him on notice of the presence of a thief or thieves in the vicinity "so such act could have been foreseen." He was under no legal duty to anticipate the sudden, willful and unlawful act of the thief or thieves. It was not a danger which the driver was bound to have foreseen or to have guarded against. The automobile was at all times within the view of the defendant's agent. It was not parked in violation of any statute or ordinance, and had been brought to rest upon private property. *Ward* v. *Southern Ry. Co.,* supra; *Honan* v. *Watertown,* 217 Mass., 185; *Andrews* v. *Kinsell,* 114 Ga., 390; *Hawkins* v. *Theatre Co.,* supra. "The defendant's negligence (if it was negligence) might be a temptation in the way of another person to commit the wrongful act by which the plaintiff was injured, and yet the defendant's negligence may be in no sense the cause of the injury." 1 Shear. & Red., Neg. 6th Ed., par. 25.

The plaintiff further contends that the jury having found that the defendant was negligent, that finding is final. "The verdict of a jury on matters of fact and within their exclusive province cannot be the basis of a judgment where there is no evidence to support it, or where they have made inferences

contrary to all reason." *Day* v. *R. R. Co.*, 96 Me., at 216. Whether there is any evidence to support an action is a question of law. Whether the evidence is sufficient is a question of fact. *Brooks* v. *Libby*, 89 Me., 151. "The verdict of a jury on matters of fact and even within their exclusive province cannot be the basis of a judgment where there is no evidence of probative value to support it." *Ogunquit* v. *Perkins*, 138 Me., at 63.

The plaintiff's contention goes far towards making the defendant an insurer as to the consequences of every accident in which his automobile might become involved while operated by the original thief or his successors in possession. This court does not subscribe to such a theory. The intervening, independent, illegal and unlawful act of the thief or thieves broke the causal connection between the defendant's alleged negligence and the injury suffered by the plaintiff. We see no escape from the conclusion that the proximate cause of the injury was the willful and illegal act of the thief or thieves, over whom the defendant had no control, and for whose act he was not responsible.

In view of these conclusions the entry must be

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*