Norma GOWER (Plaintiff), Appellant,

v.

Garth V. LAMB (Defendant), Respondent.

No. 29234.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1955.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Nov. 10, 1955.

Louis S. Czech, St. Louis, for appellant.

Fred B. Whalen, Warren Grauel, St. Louis, for respondent.

FRANKLIN FERRISS, Special Judge.

The trial court sustained defendant's motion for judgment on an agreed stipulation of facts, and plaintiff appealed. The parties apparently regarded the hearing on defendant's motion as the trial of the case, as plaintiff's first point on appeal refers to the case as "tried pursuant to Revised Statutes of Missouri, 1949, Section 510.310 [V.A.M.S.]," which section deals with procedure in cases tried upon facts without a jury. Plaintiff, however, filed no after-trial motion, and appellate review is therefore limited in accordance with Supreme Court Rule 3.23. Under this rule, one of the questions preserved for appellate review is the sufficiency of the petition to state a claim, which question we shall consider first.

The entire text of the petition is as follows:

"1. Comes now the plaintiff and for her cause of action states that she is a resident of the City of St. Louis, State of Missouri, and states that on or about the first day of January, 1954 at approximately 7:45 A. M. her automobile was properly parked at or near 3207 Olive Street, in the City of St. Louis, State of Missouri, Olive Street being an open, public and much traveled street and highway in the City of St. Louis, State of Missouri.

"2. Plaintiff further states that Garth V. Lamb is a resident of the City of St. Louis, State of Missouri, and that while her automobile was properly parked at the place and time aforementioned, the defendant, Garth V. Lamb, stopped his automobile at or near 3225 Olive Street, and while so parked on Olive Street, an open, public and much traveled street and highway in the City of St. Louis, State of Missouri, he, in violation of the Statutes of the State of Missouri, Section 304.150 Missouri Revised Statutes, 1949, left his automobile while stopped and so unattended, had left his ignition keys in the ignition and left said ignition unlocked and failed to cut off the electric current in violation of this statute which reads as follows: 'No person shall leave a motor vehicle unattended on the highway without first stopping the motor and cutting off the electric current, and no person shall leave the motor vehicle, except a commercial motor vehicle, unattended on the highway of any city having a population of more than seventy-five thousand unless the mechanism, starting device or ignition of such motor vehicle shall be locked. The failure to lock such motor vehicle shall not mitigate the offense of stealing the same, nor shall such failure be used to defeat a recovery in any civil action for the theft of such motor vehicle, or the insurance thereon, or have any other bearing in any civil action.'

"3. Plaintiff further states that as a direct and proximate cause [sic] of the violation of the aforesaid Statute by the defendant the automobile was stolen by person or persons unknown and while in the process of this theft the person or persons ran into and collided with the plaintiff's parked automobile damaging same.

"4. Plaintiff further states that as a direct and proximate cause [sic] of the negligence and violation of the aforementioned Statute by the defendant, Garth V. Lamb, the plaintiff sustained damage to her automobile in the

amount of Seven Hundred Fifty Dollars and No Cents ($750.00).

"Wherefore, plaintiff prays judgment against the defendant in the sum of Seven Hundred Fifty Dollars and No Cents ($750.00) and costs herein expended."

The Missouri Statute quoted in the foregoing petition is similar to statutes that have been adopted in a number of states. However, our statute includes one exclusionary sentence at the end thereof which is distinctly unusual, viz., "The failure to lock such motor vehicle shall not mitigate the offense of stealing the same, nor shall such failure be used to defeat a recovery in any civil action for the theft of such motor vehicle, or the insurance thereon, *or have any other bearing in any civil action.*" (Emphasis ours.)

In actions brought elsewhere on the theory that a violation of similar statutes constituted both negligence per se and at least submissible evidence of a proximate causal relationship between the violation of the statute and the plaintiff's damage, three jurisdictions have refused to permit plaintiffs to go to the jury, the common reasoning being that the chain of causation was interrupted by the unusual and unlawful act of the thief in stealing defendant's car. Galbraith v. Levin, 323 Mass. 255, 81 N.E. 2d 560; Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272; Kiste v. Red Cab, Inc., 122 Ind.App. 587, 106 N.E.2d 395.

On the other hand, in Illinois the Supreme Court has held that it is for the jury to say whether or not the violation of the statute was the proximate cause of the plaintiff's damage. Ney v. Yellow Cab Company, 2 Ill.2d 74, 117 N.E.2d 74. And in Ross v. Hartmann, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, it was held that the statute was intended to promote the safety of the public and that as a matter of law, a violation of the statute constituted negligence and the proximate cause of plaintiff's damages.

None of the statutes involved in the foregoing cases contained the exclu-

sionary sentence to be found in the Missouri Statute; and in view of the construction we give to that exclusionary language, none of these cases is controlling or even in point. When the Missouri legislators used the words, "* * * or have any other bearing in any civil action," they used very comprehensive language. It is hard to conceive how any more comprehensive language could have been employed. The clear intent was that a violation of the statute in and of itself should not affect *civil* liability, which would continue to be determined as though the statute had never been enacted. It is the court's duty to construe a statute according to the clear intent of the legislators. It follows that in a civil action the statute in question is irrelevant to any issue, and that violation of the statute in and of itself is no basis for civil liability. The Supreme Court of California has given a similar construction to a municipal ordinance embodying the same exclusionary language as Section 304.150, RSMo 1949, V.A.M.S. Richards v. Stanley, 43 Cal.2d 60, 271 P.2d 23 [1, 2].

It is apparent from a reading of the instant petition that in seeking to recover from defendant, plaintiff has relied chiefly on the theory that defendant violated Section 304.150, RSMo 1949, V.A.M.S., and that such violation constituted negligence per se. This theory is untenable because of the exclusionary clause contained in the Missouri Statute.

Plaintiff has also alleged in her petition that her damages were the result of negligence by the defendant. This allegation is not a conclusion, but an ultimate fact, which may be pleaded as such. Maybach v. Falstaff Brewing Corporation, 359 Mo. 446, 222 S.W.2d 87, loc. cit. 92; Cushulas v. Schroeder & Tremayne, 225 Mo. App. 567, 22 S.W.2d 872, loc. cit. 874. We, therefore, feel compelled to regard the petition as charging common-law negligence as well as statutory negligence, and to consider the sufficiency of the agreed stipulation of facts to support the judgment for defendant on the theory of a breach of a

common-law duty. This question is also preserved for appellate review under Supreme Court Rule 3.23, 42 V.A.M.S., and was argued by both appellant and respondent.

The stipulated facts unquestionably support all the allegations of the petition except the final allegation that the damages to plaintiff's automobile were proximately caused by the defendant's negligence. On the issue of actionable negligence, the stipulated facts contain the following relevant information: Defendant was driving to work in his private pleasure car at approximately 7:00 A. M. on January 1, 1954, when he was suddenly seized with a necessity of immediately urinating because of a long-standing kidney ailment. At that hour, on January 1, 1954, no rest rooms were open in the vicinity; and so defendant parked his car at the north curb of Olive Street, a main thoroughfare in St. Louis, turned off his motor, and in his hurry to relieve himself of pain by urinating, neglected to remove the ignition keys from the ignition of his automobile. He went into an adjacent alley and relieved himself, and while still in the process of doing so he heard a loud noise out in the street. Upon returning to where he had parked his car, he found it was gone and shortly discovered that it was in a collision with plaintiff's parked automobile near the next intersection to the west. It had been stolen by a Negress who had gotten into it at the place where defendant had parked it, driven it west on Olive Street at a high rate of speed and at the next intersection had lost control of the car and run into plaintiff's parked automobile. The thief escaped immediately after the collision.

On the foregoing facts this appears to be a case of first impression in Missouri. In other jurisdictions, the heavy weight of authority holds that at common law a defendant cannot be held liable on a mere showing that he left his car unattended, with the ignition keys in the ignition, on an open and public street; that a thief stole his car; and that in the process of stealing it the thief negligently collided with another's car, causing property damage or personal injuries. Richards v. Stanley, 43 Cal.2d 60, 271 P.2d 23; Walter v. Bond, 267 App.Div. 779, 45 N.Y.S.2d 378, affirmed 292 N.Y. 574, 54 N.E.2d 691; Midkiff v. Watkins, La.App., 52 So.2d 573; Curtis v. Jacobson, 142 Me. 351, 54 A.2d 520; Reti v. Vaniska, Inc., 14 N.J.Super. 94, 81 A.2d 377; and see annotation dealing with the subject in 158 A.L.R. 1374. In each of these opinions emphasis is placed on the improbability and/or unforeseeability of the theft of the defendant's car. In the Maine case of Curtis v. Jacobson, supra, it is suggested that the plaintiff might have made a case if he had alleged and shown that defendant had had actual or constructive knowledge of the presence of thieves in the vicinity where defendant's car was parked and later stolen.

Only one jurisdiction has permitted a plaintiff, injured by an automobile thief's negligent driving, to submit to a jury the issue of the defendant owner's common-law negligence in leaving his automobile with the keys in it, as well as the issue of the causal relationship between such negligence and the plaintiff's damage. Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F.2d 532.

In Missouri the closest case we find is Zuber v. Clarkson Construction Co., 363 Mo. 352, 251 S.W.2d 52. In that case the Supreme Court held good a petition which stated that defendant left its earth-moving machine unattended after the day's work in a public place with the machinery in gear and the switches and ignitions unlocked and the brakes off; that an intermeddler started said machine up, drove it forward and upon and over plaintiffs' decedent, inflicting fatal injuries; and that said injuries and death of plaintiffs' decedent were directly caused by defendant's negligence. The Supreme Court stated the applicable principles of law as follows, 251 S.W.2d loc. cit. 55:

"It is not negligence to fail to take precautionary measures to prevent injuries resulting from peculiar, unusual and unexpected occurrences which could not have been reasonably anticipated. 65 C.J.S., Negligence, § 84,

pages 592–593. It has also been stated that a negligent act may be one which creates a situation which involves an unreasonable risk to another because of the expectable action of a third person. Restatement, Torts, § 302.

"Relating to those dangers to be reasonably anticipated—if there is some probability or likelihood, not a mere possibility, of harm sufficiently serious that ordinary men would take precautions to avoid it, then the failure to do so is negligence. While the likelihood of a future happening is the test of a duty to anticipate, this does not mean the chances in favor of the happening must exceed those against it. The test is not the balance of probabilities, but of the existence of some probability of sufficient moment to induce the reasonable mind to take the precautions which would avoid it. Berry v. Emery, Bird, Thayer Dry Goods Co., 357 Mo. 808, 211 S.W.2d 35; Lloyd v. Alton R. Co., 348 Mo. 1222, 159 S.W.2d 267; Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91; Tullgren v. Amoskeag Mfg. Co., 82 N.H. 268, 133 A. 4, 46 A.L.R. 380. Relating to the problem of legal or proximate causation it is restated, 'If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.' Restatement, Torts, § 449; Christiansen v. St. Louis Public Service Co., 333 Mo. 408, 62 S.W.2d 828."

Applying these principles to the facts alleged in the Zuber case, the Supreme Court, at 251 S.W.2d loc. cit. 55, 56, concluded:

"In the instant case the facts alleged are that defendant left its Carry-alls [earth-moving machines] in a public place, which place we infer was near the densely populated area of a city. Curious people, adults, had theretofore gathered and some intermeddling persons had operated defendant's machines to see how they worked. Such was the usual and customary proceeding each evening. This, it is stated, defendant knew, 'or by the exercise of ordinary care could and should have known' prior to May 29th. We are unwilling to say defendant, absent actual knowledge of such a practice, had a duty to maintain a watch or make an inspection anticipating that curious persons might move the machines; but we may consider the alternative allegation, 'or by the exercise of ordinary care could and should have known,' as surplusage. (Actual knowledge, of course, may be established by direct or circumstantial evidence. We express no opinion as to what facts or shown circumstances would justify the inference of defendant's knowledge that curious intermeddlers were making the practice of operating the machines.)

\* \* \* \* \* \*

"It seems to us it could be reasonably said the person, defendant, the owner and responsible for these machines, *with knowledge that curious intermeddlers were making the practice of operating the machines,* had reason to anticipate or foresee that other intermeddlers would start the machines and that, among those who operated the machines, some person, though an adult, starting a machine would be reckless or unskilled. It is not too much to say that, in the circumstances averred, a reasonably prudent person should take into account these probabilities, and would foresee that some injury was likely to ensue." (Emphasis ours.)

In the case at bar the defendant's car was not placed in operation by a curious intermeddler, but by a thief. While under certain circumstances even this intervening act might be expectable, as suggested by the passage quoted above from the Restatement of Torts, Sec. 449, as well as by dicta in Curtis v. Jacobson, supra, yet the criminal nature of the act certainly lessens its

realizable likelihood and requires that the evidence of foreseeability of the theft be clear and convincing. Following the holding in the Zuber case, we believe that the defendant was under no duty to discover the presence of a thief or thieves in the vicinity where he parked his car, and that there was no fact stipulated which pointed to actual knowledge by defendant of the presence of a thief or of thieves in the vicinity. We hold that as a matter of law plaintiff failed to adduce sufficient evidence of negligence or of proximate causation to make a submissible case. The trial court correctly sustained defendant's motion for judgment.

The judgment for defendant is affirmed.

ANDERSON, P. J., and MATTHES, J., concur.