B. A. LOLLIS et al., Appellants,

v.

HUMBLE OIL & REFINING COMPANY, Appellee.

No. 5122.

Court of Civil Appeals of Texas.

El Paso.

Nov. 2, 1955.

Rehearing Denied Dec. 7, 1955.

John J. Watts, W. R. Barnes, Odessa, for appellants.

Felix A. Raymer, Houston, Blanton & McMahon, Odessa, Rex G. Baker, Houston, of counsel, for appellee.

McGILL, Justice.

This suit is a consolidation of three separate suits filed by B. A. Lollis, E. T. Dalton and Charlie Jones against Humble Oil & Refining Company. By the consolidated suit appellant Lollis sought to recover damages to a building owned by him, from the Humble Oil & Refining Company, caused by such building having been run into by a truck owned by Humble Oil & Refining Company, and the appellants E. T. Dalton and Charlie Jones sought to recover damages for personal injuries as a result of such collision. The trial court, without the aid of a jury, denied any recovery. Such denial was based on the following findings:

"1. Travis Jenkins was an employee of defendant at its bulk sales depot at Odessa, Texas, and customarily drove a certain truck belonging to defendant, being the truck involved in this suit. The truck had mounted on it a tank divided into three compartments, and on the rear of the bed there was left a space for carrying of drums, etc. It was painted red and defendant's trademark was stenciled on it. Its purpose was for use in delivery of gasoline and other petroleum products from the depot to filling stations handling defendant's products and to other customers using the products.

"2. Lonnie Wilkinson was an employee of R. L. Wilkinson, the proprietor of a filling station handling defendant's products.

"3. Prior to the close of business at the depot on May 17, 1952, an employee of defendant's at the depot who was in charge of such matters had phoned the Wilkerson filling station and had advised them that the truck would be sent to the station and that he wanted the battery checked, and if bad, a new battery installed, and if good, recharged. He then ordered Jenkins to deliver the truck to the service station. About 6:00 P.M. on May 17, 1952, after the close of business at the depot, Jenkins drove the truck * * * to the Wilkinson station, and Lonnie Wilkinson rode back with him to the depot where Jenkins' personal car was, and Jenkins there got out and went home in his per-

sonal car. Lonnie Wilkinson drove the truck back to the filling station and parked it up against the East wall of the filling station building, on the private premises of the filling station. R. L. Wilkinson and his employees at the filling station failed to remove the keys from the truck, but left it in such position with the keys in it when the filling station closed at about 8:00 P.M. that evening. In the normal course of prior business between the defendant and the filling station proprietor the truck would have been delivered to the depot the following morning with the work done.

"4. In the small hours of the morning of May 18, 1952, a person or persons unknown entered upon the filling station premises and stole the truck, and drove it a few blocks East, reaching a point in front of plaintiff Lollis', store building. In the block about the middle of which such building stood the street was being worked on and was blocked so that traffic in that direction was routed along a narrow unpaved strip at the edge only a few feet from the front of plaintiff Lollis' store building. When the truck traveling along this strip was passing the front of Lollis' store it veered at about a thirty degree angle and crashed into the front wall of the building, the right front of the truck breaking into the building as far back as the front of the cab. On trial there were no witnesses to this occurrence or the circumstances under which it took place or the cause of it, whatever they may have been. However, one witness after it had happened and the ensuant fire had started, saw two youths, about 18 or 19 years of age, run from the vicinity of the truck.

"5. On the interior side of the wall of the building at the point where the truck crashed in it was the electric meter for measuring the electricity furnished to the premises. Inside the building were, among other things, inflammable paint materials. Under the

driver's seat of the truck was the gas tank for the fuel which ran the motor of the truck. A fire resulted immediately after and as a proximate result of the crash. The fuel tank under the seat of the truck and the paint materials inside the building contributed to the intensity and rapid development of the fire."

Appellee contends that these findings not only support the judgment, but required its entry.

The evidence was ample to support the finding that Lonnie Wilkinson was an employee of R. L. Wilkinson, the proprietor of the filling station, in parking the truck in the filling station and leaving it there with the keys in the switch. We have grave doubt whether this fact as a matter of law is sufficient to constitute negligence. If so it certainly was not the negligence of appellee, Humble Oil & Refining Company, but R. L. Wilkinson, whom the parties concede was an independent contractor, and his employee, Lonnie Wilkinson. So also, if leaving the truck with the key in the switch when the station was closed was negligence, such negligence was not the negligence of appellee, but of R. L. Wilkinson and his employee.

We think the contention that the truck was a dangerous instrumentality, and hence there was a non-delegable duty on the part of appellee to prevent its being operated by incompetent, inexperienced or unauthorized persons is entirely without merit and requires no discussion. Even though leaving the truck in the station with the keys in it were negligence imputable to appellee, yet there is no evidence which would support a finding that such negligence was a proximate cause of the damage to plaintiff's building. We have read the entire statement of facts and find no evidence which will support a judgment against appellee. All of appellants' points are overruled.

The judgment of the trial court is therefore affirmed.