[Civ. No. 16941. First Dist., Div. One. Dec. 4, 1956.]

BARNEY HOLDER, Appellant, v. LORRAINE REBER et al., Defendants; JOHN POPERADEN, Respondent.

558

Todd & Todd and Frank J. Baumgarten for Appellant.

Berry, Davis & Channell and Herbert Chamberlin for Respondent.

WOOD (Fred B.), J.—In this action for personal injuries caused by a passenger car driven by defendants Reber and Jacobs, Poperaden as owner of the car was joined as a defendant upon the theory that his parking the car in a public street unlocked and with the key in the ignition, was an act of negligence that, concurrently with the negligence of the defendants who allegedly stole the car, proximately caused plaintiff's injuries.

Poperaden's general demurrer to the complaint was sustained without leave to amend. Plaintiff has appealed.

Plaintiff does not claim that his complaint presents facts essentially different from those involved in *Richards* v. *Stanley*, 43 Cal.2d 60 [271 P.2d 23],[1] which holds that in the absence of a statute imposing "a duty on the part of motorists to protect persons on the streets from any damage caused by thieves driving stolen automobiles" (as by prohibiting the leaving of a key in an unattended vehicle on a public street) the "owner of an automobile is under no duty to persons who

---

[1]Plaintiff in his opening brief (he filed no reply brief) said, "The appeal herein presented involves facts similar to those in *Richard* v. *Stanley*, 43 Cal.2d 60 [271 P.2d 23]," but that the ruling in that case "has been materially extended" by recent cases.

Certain allegations of the complaint were potentially ambiguous.

After alleging that Poperaden carelessly left his car in the condition described, the complaint averred that "by reason of the . . . negligent conduct of . . . Poperaden as aforesaid, he was obliged to, should have, *and did foresee* that his said vehicle . . . would induce" the other two defendants to take the car (emphasis added).

The term "as aforesaid" could be interpreted as modifying or qualifying the expression "did foresee." However, if the pleader, in saying "did foresee," intended to plead special circumstances (such as knowledge of the presence nearby of two drunken irresponsible minors) then it might be a case for the granting of permission to amend, adequately to plead special circumstances which would bring it within the exception recognized in the Richards case (facts putting the owner on notice that the third person is incompetent to handle it).

Accordingly, at oral argument plaintiff's counsel was asked if plaintiff desired to enlarge the allegations to plead special circumstances. Counsel fairly and frankly replied that he knew of no special circumstances that he could plead, such as whether Poperaden knew of the presence nearby of the other two defendants; that the facts are in the legal sense essentially the same as those in the Richards case; that he disagrees with the majority opinion in the Richards case, believes it has been overruled or modified by the Richardson case, and seeks a judicial declaration to that effect.

may be injured by its use to keep it out of the hands of a third person in the absence of facts putting the owner on notice that the third person is incompetent to handle it'' (p. 63), especially when the recognition of such a duty, in the absence of such a statute, ''would result in imposing greater liability than is now provided by statute when the owner voluntarily entrusts his car to another'' (p. 65).[2]

Plaintiff does claim that the principles enunciated in the Richards case have been modified by the holding in the later case of *Richardson* v. *Ham*, 44 Cal.2d 772 [285 P.2d 269]. We do not so read the Richardson case. It involved a 26-ton bulldozer (not a mere passenger car) which had been left on a mesa at the close of a day's work, unattended and imperfectly locked, with the result that it could be started by pushing the compression lever in and stepping on the starter. The following evening two young men were attracted to it, succeeded in starting it, drove around the mesa causing considerable damage and then, being unable to stop it, headed it toward a canyon and abandoned it. It went off the mesa, down the hill, across a freeway, and traveled about a mile before it was halted by a retaining wall and a utility pole. During its course it traveled through a house and seriously injured the occupants. The Supreme Court held that these and other relevant facts supported a judgment against the operators of the bulldozer.

In distinguishing the Richards case the court said in part: ''Since . . . the kinds of foreseeable intervening conduct by third parties as well as the risks created by such conduct in this case are materially different from those considered in the Richards case, that case is not controlling here. Automobiles do not arouse curiosity, and ordinarily the only appreciable risk that they will be set in motion if they are left unattended arises from the possibility of their being stolen. The record in the present case, on the other hand, shows that defendants' bulldozers aroused curiosity and attracted spectators, while they were in operation as well as while they were parked for the night.'' (Pp. 775-776.) ''The evidence is therefore sufficient to justify the conclusion that there was a reasonably

[2]We observe that in the Richards case two of the three justices who concurred with the writer of the majority opinion did so without reservation and that the third concurred in the judgment ''on the ground that defendant was not bound to anticipate that any person would steal her car or commit any other crime in respect to it, and, accordingly, defendant owed no duty to anyone growing out of the unlawful taking and operation of the vehicle'' (p. 69 of 43 Cal.2d).

foreseeable risk that defendants' bulldozers might be tampered with when left unattended. Given this foreseeable risk of intermeddling, the question is presented whether defendants were under a duty to exercise reasonable care to prevent intermeddlers from putting their bulldozers in operation. In the Richards case it was concluded that even if theft was reasonably to be foreseen, the owner was under no duty to persons on the highway to exercise reasonable care to keep his car out of the hands of a thief. It was pointed out that the owner will ordinarily have no reason to foresee that a thief will be an incompetent driver, that the risk of negligent driving arising from possible theft is less than the risk that the owner might intentionally create without negligence by lending his car to another, and that it would be anomalous to impose greater liability when the car was being driven by a thief than that provided by statute when the owner voluntarily entrusts his car to another. The risks arising from intermeddling with bulldozers, however, are entirely different from those arising from the driving of an automobile by a thief. Bulldozers are relatively uncommon, and curious children or others attracted by them ordinarily will not know how to operate them. An intermeddler who starts a bulldozer accidentally or otherwise may not be able to stop it, and the potentialities of harm from a 26-ton bulldozer in uncontrolled motion are enormous, particularly when it is left on top of a mesa from which it can escape and injure persons and property located below. The extreme danger created by a bulldozer in uncontrolled motion and the foreseeable risk of intermeddling fully justify imposing a duty on the owner to exercise reasonable care to protect third parties from injuries arising from its operation by intermeddlers.'' (P. 776 of 44 Cal.2d.)[3]

The conclusion seems irresistible that the principles enunciated in the Richards case have not been modified.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

---

[3] Three justices concurred with the writer of the majority opinion in the Richardson case without reservation of any kind.