**Altha H. TOOMBS, Appellant,**

v.

**Oliver J. WIMBERLEY, Appellee.**

No. 3429.

Court of Civil Appeals of Texas.

Eastland.

Jan. 23, 1959.

Webb, Schulz & Stokes, Abilene, for appellant.

King & Willoughby, Abilene, for appellee.

WALTER, Justice.

Altha H. Toombs filed suit against Oliver J. Wimberley for damages to her automobile resulting from a collision with Wimberley, who filed a cross-action. Based on the jury's verdict, judgment was rendered which, in effect, denied plaintiff's claim and granted the defendant a recovery of $225 on his cross-action.

Miss Toombs has predicated her appeal from such judgment on points contending the court erred in entering judgment for Wimberley (1) because there was no evidence to support the jury's affirmative answer to special issue number ten which inquired whether Miss Toombs failed to operate her automobile properly so as to avoid striking Wimberley's automobile (2) because the jury's answer to issue number ten is in conflict with answers to issues numbers seven, thirteen and sixteen and (3) because Wimberley was guilty of contributory negligence as a matter of law.

We have reached the conclusion that there is no evidence to support the jury's answer to issue number ten. The statement of facts has been incorporated in the transcript and has only the direct and cross-examination of Miss Toombs and Wimberley in narrative form.

Miss Toombs testified she saw Wimberley's car coming from the opposite direction and he had crossed over the center line on her side of the highway. She was driving slowly and in an effort to avoid the collision she pulled to her right so that her right wheels were off the pavement. She testified Wimberley hit the left side of her automobile. On cross-examination Miss Toombs testified, to the effect, that she could have avoided the accident if she had pulled to her left.

Wimberley testified that he was driving on his side of the road, but did not see Miss Toombs' automobile before the collision.

Wimberley did not testify to any fact which would support the answer to issue ten. In answer to other issues the jury found Miss Toombs kept a proper lookout and that she was operating her automobile on her side of the road.

 Special issues should be limited to the controlling issues of fact that embrace independent grounds of recovery or defense. Texas Rules of Civil Procedure, rule 279. The doctrine of discovered peril was neither pleaded nor submitted to the jury. Liability based on negligence differs from liability based on the doctrine of discovered peril. If Miss Toombs were guilty of some act or omission which amounted to negligence, it was because she breached some legal duty she owed Wimberley. What legal duty did Miss Toombs owe to Wimberley under the pleadings and evidence? The jury found that Wimberley was operating his car on his right side of the road. The jury also found that Miss Toombs was operating her automobile on her right side of the road. Based on the reasonably prudent man theory of negligence did Miss Toombs owe Wimberley a legal duty to leave her lane of traffic and turn to her left into the oncoming traffic? We hold she owed no such duty. If an act or omission be negligence, it is because there has been a breach of duty. If there is no duty, there can be no negligence.

See Wright v. McCoy, Tex.Civ.App., 110 S.W.2d 223.

In so far as the judgment denies Miss Toombs a recovery against Wimberley, same is affirmed. The judgment granting Wimberley a recovery against Miss Toombs is reversed and judgment is here rendered that Wimberley take nothing from Miss Toombs.