C. P. McKINNEY et ux., Appellants,

v.

Charles CHAMBERS, Appellee.

No. 7299.

Court of Civil Appeals of Texas.

Texarkana.

May 16, 1961.

Rehearing Denied June 6, 1961.

Gerald W. Moss, Carter, Gallagher, Jones & Magee, Dallas, Ramey & Ramey, Sulphur Springs, for appellants.

David M. Kendall, Jr., Rust E. Reid, Thompson, Knight, Wright & Simmons, Dallas, for appellee.

DAVIS, Justice.

Plaintiffs-appellants, C. P. McKinney and wife, Octo McKinney, sued defendant-appellee, Charles Chambers, to recover damages for injuries sustained by Octo McKinney. Appellants alleged that appellee was negligent in leaving his automobile wholly unattended with the ignition key therein in a parking lot in the City of Dallas at a time when such lot was not open for business, and that thereafter a thief stole the automobile and negligently operated it into and against an automobile being driven by Octo McKinney, resulting in injuries to her person. Appellee answered with a general denial, and thereafter filed a motion for summary judgment. Judgment was rendered for appellee upon such motion, from which judgment appellants have perfected their appeal and bring forward two points of error.

There were no affidavits or sworn pleadings in the case. The trial court apparently decided the issues as a matter of law. In such cases, sworn pleadings were unnecessary. Gardner v. Martin et al., Tex. Sp.Ct., 345 S.W.2d 274.

By its points of error, appellant takes the position that their allegations were sufficient to raise a fact issue as to whether appellee was negligent, and whether the negligence of appellee, if any, was a proximate cause of the injuries sustained by Octo McKinney. Appellants take the posi-

tion that this is a case of first impression in Texas. It seems that there has been one other case of like import decided by the El Paso Court of Civil Appeals in the case of Lollis et al. v. Humble Oil and Refining Co., 285 S.W.2d 249 w. r., n. r. e. In that case, the owner of a building and two individuals who sought recovery for personal injuries, sued the Humble Oil & Refining Company as the result of an agent of the company leaving a truck at a filling station to have the battery checked, and if bad, a new battery installed, and if good, recharged. After the station had closed for business, the truck was delivered to the filling station by an agent of the company and the key was left in it. During the night, the truck was stolen and the injuries occurred. The case was tried before the court, and he denied the plaintiffs a recovery. The Court of Civil Appeals affirmed the judgment of the trial court, and the Supreme Court denied a writ of error, n. r. e. In affirming the judgment of the trial court, the Court of Civil Appeals took the position that the truck was a dangerous instrumentality, there was a non-delegable duty on the part of appellee to prevent its being operated by incompetent, inexperienced, or unauthorized persons, was entirely without merit and required no discussion. Even though leaving the truck at the station with the keys in it was negligence imputable to appellee, yet there was no evidence which could support a finding that such negligence was a proximate cause of the damages. They further took the position that the statement of facts did not show any evidence that would support a judgment against the appellee.

There are a variety of holdings throughout the United States on the question of proximate cause, and prior negligence in leaving a car parked, unlocked and with the keys in it. Some states hold that such is negligence per se, and as a matter of law. In 51 A.L.R.2d 633, the issues of negligence pro and con are discussed. At one place the annotator says:

"There is abundant authority to indicate that if a motor vehicle has been parked in a public street and left unlocked with the keys in the ignition switch this is sufficient to support a finding of negligence on the part of the person who parked the car."

Several cases are cited in support of this statement. At another place the annotator says:

"If the application of these principles to the situation where a thief puts in motion a vehicle left on a public street and injury or damage ensues, a majority of the cases have taken the position that the act of the thief prevented a finding that the injury or damage was the proximate result of any prior negligence in the manner in which the vehicle was parked, or, at least, that the trier of facts could legitimately come to that conclusion."

There are numerous cases cited in support of this statement.

The acts of the thief that stole the car, and his negligently driving it, were separate and distinct acts of negligence, wholly unconnected with any negligence of the appellee.

There seem to be two questions presented in this appeal, duty and foreseeability. Negligence is the failure to observe a legal duty, and in absence of such duty no legal liability can arise through such negligence. Westbrook et al. v. Watts, Tex. Civ.App., 268 S.W.2d 694, w. r., n. r. e.; Toombs v. Wimberley, Tex.Civ.App., 320 S.W.2d 881, n. w. h. The duty requirement of a negligence action is discussed in 30b, Tex.Juris., 175, Sec. 5 as follows:

"Negligence is a failure to observe a legal duty. Moreover, to constitute negligence at all, there must be a violation of a duty owed to the very person claiming on the ground of negligence. On the other hand, when no duty exists,

no legal liability can arise on account of negligence."

There are no statutes or ordinances involved in this case, though some states and cities have enacted such laws for the protection of people and property. A case that involves a person being injured by an automobile being negligently driven by a thief is Bennett v. Arctic Insulation, Inc. et al., 253 F.2d 652, 17 Alaska 537. The court held that the state had not chosen to establish any new duty in respect to leaving keys in cars, and affirmed the judgment of the trial court.

■ Texas courts require that in order for a defendant to be held to have been negligent, the injury to the plaintiff must have been foreseeable. 30 Tex.Juris. 181 Sec. 10 reads as follows:

"Although one's act or omission may have caused injury or damage, he is not held to be responsible or 'negligent' if he could not have foreseen the harmful occurrence or situation. He may not be held to have been responsible where the facts in evidence failed to disclose that he could have reasonably foreseen the injury as the rule is often expressed."

■ Under the pleadings in this case, no issue is raised as to the foreseeability of the theft of the car or the possible injury to Octo McKinney. It can not be held that the appellee could reasonably foresee that a thief would steal his car, negligently drive it, and injure a third party, and for such purpose hold the appellee liable.

It must be decided in this case whether the negligent acts alleged against the appellee were negligent as a matter of fact, or negligent as a matter of law. Under the pleadings in the case, no issues of fact are raised that would constitute negligence as a matter of law against the appellee. No finding of fact could be made whereby the appellee would be liable for the damages. Appellee owed no duty to the appellants, and he could not reasonably foresee the injury. Thus, as a matter of law, the judgment of the trial court is correct. Hartford v. Coolidge-Locher Company, Tex.Civ. App., 314 S.W.2d 445, n. w. h.; Dallas Railway & Terminal Co. v. Hendrix, Tex. Civ.App., 261 S.W.2d 610, n. w. h.

The judgment of the trial court is affirmed.

CHADICK, Chief Justice.

I agree to the affirmance of the trial court judgment.

FANNING, Justice (concurring).

This appears to be a case of first impression in the State of Texas, and the questions involved here have not been passed upon by the Supreme Court of Texas. The only case in Texas approaching the facts in this case is Lollis et al. v. Humble Oil & Refining Company, Tex.Civ.App., 285 S.W.2d 249, wr. ref., n. r. e., yet the facts in that case are distinguishable from the facts in the case at bar. There is dictum in the Lollis case, supra, favorable to the position of appellee in this case. It also seems that the greater weight of out of state authority is supportive of appellee's position in this case. While the opinion of Justice DAVIS in this case is not completely free from doubt in view of the fact that this is a summary judgment case, it is however my best judgment that the result reached in said opinion is correct.