[No. 38657.    Department One.    July 20, 1967.]

PAUL K. SAILOR *et al., Appellants,* v. MELVIN OHLDE *et al., Respondents.*\*

*Fred R. Staples,* for appellants.

*Nashem & Prediletto* and *Norman R. Nashem, Jr.,* for respondents.

WEAVER, J.—Defendant, who was a foreman in a fruit warehouse in Sunnyside, Washington, parked his pickup truck upon *private* property next to the warehouse. He left the key in the ignition switch so that the position of the truck could be changed to accommodate the movement of railroad cars and trucks as they were loaded and unloaded. Leaving the key in the ignition switch was a custom of many who parked their automobiles in the particular area; this was done in order to facilitate loading and unloading at the warehouse.

August 1, 1964, a 9-year-old boy stole defendant's car, drove some distance, lost control, and crashed into plaintiff's service station. Considerable damage resulted.

Plaintiff appeals from a judgment of dismissal entered

*Reported in 430 P.2d 591.

after the trial court had directed a verdict for defendant at the close of all of the testimony.

This appeal presents one question:

Is the owner of an automobile who leaves the key in the ignition switch liable for injury or damage caused by a stranger who enters upon private property and steals the automobile?

█ The great weight of authority and the better reasoned decisions in at least 16 jurisdictions[1] answer the question in the negative.

The rule has been stated thus:

Where the owner of a vehicle parks it *off the street,* turns off the ignition, but leaves the key in the ignition, and a stranger or intermeddler thereafter causes the vehicle to be set in motion resulting in personal injuries or property damages, it has usually been held that the owner of the parked vehicle is not liable for the negligence of the stranger or intermeddler. Annotation by D. E. Evins: "Liability of owner for injury or damage caused by stranger starting motor vehicle or automotive equipment left parked off the street." 91 A.L.R.2d 1326 at 1333 (1963). (Italics ours.)

Judicial opinions have run the gamut of all possible reasons in support of the conclusion. Prosser, Law of Torts (3d ed.) 323 (1964). Many of the reasons, variously emphasized, are interrelated. The decisions are based on one or

---

[1]*Shafer v. Monte Mansfield Motors,* 91 Ariz. 331, 372 P.2d 333 (1962); *Richards v. Stanley,* 43 Cal. 2d 60, 271 P.2d 23 (1954); Comment: 43 Cal. L. Rev. 140 (1955); *Castay v. Katz & Besthoff,* 148 So. 76 (La. App. 1933); *Curtis v. Jacobson,* 142 Me. 351, 54 A.2d 520 (1947); *Galbraith v. Levin,* 323 Mass. 255, 81 N.E.2d 560 (1948); *Roberts v. Lundy,* 301 Mich. 726, 4 N.W.2d 74 (1942); *Anderson v. Theisen,* 231 Minn. 369, 43 N.W.2d 272 (1950); *Gower v. Lamb,* 282 S.W.2d 867 (Mo. App. 1955); *Saracco v. Lyttle,* 11 N. J. Super. 254, 78 A.2d 288 (1951); *Reti v. Vaniska, Inc.,* 14 N. J. Super 94, 81 A.2d 377 (1951); *Williams v. Mickens,* 247 N.C. 262, 100 S.E.2d 511 (1957); Comment: 37 N.C. L. Rev. 104 (1958); *Wilson v. Harrington,* 295 N.Y. 667, 65 N.E.2d 101 (1946); *Bouldin v. Sategna,* 71 N.M. 329, 378 P.2d 370 (1963); *Hersh v. Miller,* 169 Neb. 517, 99 N.W.2d 878 (1959); *Clements v. Tashjoin,* 92 R.I. 308, 168 A.2d 472 (1961); *Teague v. Pritchard,* 38 Tenn. App. 686, 279 S.W.2d 706 (1954); Comment: 24 Tenn. L. Rev. 395 (1956); *McKinney v. Chambers,* 347 S.W.2d 30 (Tex. Civ. App. 1961).

more of the following reasons: (a) the lack of duty upon the part of the car owner; (b) the absence of the lack of reasonable care; (c) the lack of foreseeability; (d) the absence of proximate cause,[2] and (e) the intervention of an independent, efficient cause interrupting the chain of causation.[3]

We adopt the majority rule and the reasons set forth above. They are more fully discussed in the authorities appearing in the margin.[1]

Few of the decisions differentiate between automobiles parked on *private* property and automobiles parked on *public* streets. We believe, however, that there is a significant difference which is illustrated by comparing the authorities discussed in the annotation: Huang, "Liability for damage or injury by stranger starting motor vehicle left parked on street," 51 A.L.R.2d 633 (1957), and the authorities discussed in the annotation: Evins, "Liability of owner for injury or damage caused by stranger starting motor vehicle or automotive equipment left parked off the street," 91 A.L.R.2d 1326 (1963).

In passing, we note that the conclusions reached in a number of cases cited by plaintiff-appellant are strengthened by the existence of a statute or city ordinance requiring that an automobile left unattended be locked and the key removed. But see: *Hersh v. Miller,* 169 Neb. 517, 99 N.W.2d 878 (1959). No statute or ordinance was in existence at the time of the incident we are considering. We are aware, however, of Laws of 1965, Ex. Ses., ch. 155, § 68.[4] The statute does not apply to the instant case. We express no opinion regarding the possible application of the statute to either *off*-street or *on*-street parking within the boundaries of the factual pattern before us.

---

[2]See Washington Pattern Jury Instructions (1967) § 15.01.

[3]See Washington Pattern Jury Instructions (1967) § 12.05.

[4]"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key and effectively setting the brake thereon and, when standing upon any perceptible grade, turning the front wheels to the curb or side of the highway."

Plaintiff-appellant insists that our decision in *Bronk v. Davenny*, 25 Wn.2d 443, 171 P.2d 237 (1946), is controlling in principle. We do not agree.

In *Bronk*, four boys, ages 6, 8, 10 and 13, went upon defendant's property and started a tractor which defendant had left in gear, unlocked, and unguarded. It was so situated that children could have access to it. There was abundant evidence that defendant was aware of frequent trespasses by children. The tractor damaged plaintiff's property. In approving submission of the case to the jury, this court said:

> In other words, while the attractive nuisance doctrine, as limited to actions to recover for injuries to children, finds no application in this case, yet one element thereof, the element of a *foreseeable attractiveness* of a parked tractor to an errant child, and the appellants' failure to so secure the tractor as to prevent harm arising out of such attraction, is clearly the basis for a finding of primary negligence on the part of the appellants. (Italics ours.)

In reaching the same result, the California Supreme Court was more explicit for it noted and discussed the difference between a tractor or bulldozer started by children and an automobile driven by a thief. In *Richardson v. Ham*, 44 Cal. 2d 772, 776, 285 P.2d 269 (1955), the court said:

> The risks arising from intermeddling with bulldozers, however, are entirely different from those arising from the driving of an automobile by a thief.
>
> Automobiles do not arouse curiosity, and ordinarily the only appreciable risk that they will be set in motion if they are left unattended arises from the possibility of their being stolen. The record in the present case, on the other hand, shows that defendants' bulldozers aroused curiosity and attracted spectators, while they were in operation as well as while they were parked for the night. Moreover, curious persons had been known to climb on them, and it could reasonably be inferred that they were attractive to children when left unattended at the end of the working day. The evidence is therefore sufficient to justify the conclusion that there was a reasonably foreseeable risk that defendants' bulldozers might be tampered with when left unattended.

The same distinction was again emphasized in *Holder v. Reber*, 146 Cal. App. 2d 557, 304 P.2d 204 (1956).

The judgment is affirmed.

HILL, ROSELLINI, and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.