[No. 42118.    En Banc.    December 30, 1971.]

ROLAND C. PRATT et al., Appellants, v. HARRY THOMAS et al., Respondents.

*Murray, Scott, McGavick, Graves, Lane & Lowry*, by *James R. Lowry*, for appellants.

*Davies, Pearson, Anderson & Gadbow*, by *John C. Kouklis*, for respondents.

WRIGHT, J.—This is an action for damages resulting from an automobile accident which occurred in the evening of December 5, 1969. Plaintiffs appealed from a dismissal of their complaint, as against respondents, Harry Thomas and Wilma Thomas, his wife.

On the evening of the accident, a basketball game was

played at Auburn between Auburn and Bethel high schools. Respondents had been requested by the Bethel School District to accompany the Bethel students who went to the game.

Respondents arrived at Bethel High School about 6:30 p.m. and parked their 1961 Chevrolet station wagon in the school parking lot, where about 50 vehicles were parked. There is a question if the car was locked. Respondents took the keys, but that model could have the keys removed and yet not have the ignition locked. Respondents then entered a school bus for the trip to Auburn.

Sometime during the next 2 hours, the station wagon was stolen by three high school students, who drove it some distance. Between the theft of the automobile and the accident, they stopped at the home of another boy, Cyrie A. Lumpkin, who then went with them. After they had driven the stolen vehicle for a while, the state patrol saw it and pursued. A high speed chase followed. The accident occurred and the appellants were injured.

Appellants instituted this action against respondents, the school district, the thieves, the parents of the thieves, the boy who joined the thieves after the vehicle was stolen, his parents, the County of Pierce and the State of Washington. Judgment was obtained against the thieves and against the parents of one of them. All of the other defendants were dismissed. This appeal challenges only the dismissal of respondents, Thomas.

Appellants raise three issues, all of which, however, relate to the one question. What is the liability of the owner of a motor vehicle if the vehicle is stolen and involved in an accident while in the possession of the thief? Appellants contend: 1. the order of dismissal was improper; 2. there was a liability imposed by statute, RCW 46.61.600; and 3. there was common-law liability.

The correctness of the order of dismissal depends upon the liability or nonliability of respondents. In view of the conclusion we reach, the order of dismissal was proper.

Appellants contend RCW 46.61.600 makes the park-

ing of a vehicle without locking and removing the key a crime and, therefore, negligence per se. Appellants contend in the alternative that if the statute does not apply to this case, it nevertheless establishes a standard of care. We find it unnecessary to pass upon those contentions or upon any question of alleged negligence because one of the essentials for liability to attach to the violation of a standard of care, including the violation of a statute, is that the violation must be the proximate cause, or one of the proximate causes, of the accident and injury. *Ward v. Zeugner,* 64 Wn,2d 570, 392 P.2d 811 (1964); *Cook v. Seidenverg,* 36 Wn.2d 256, 217 P.2d 799 (1950).

Here it is plain the accident which caused appellant's injuries was not a part of the natural and continuous sequence of events which flowed from respondents' act in leaving their station wagon in the parking lot. It was the result of new and independent forces. Among the new forces were the stealing of the vehicle, the pursuit by the state patrol, the attempt by the thieves to run from the officers and, finally, the accident.

When, as here, the facts do not admit of reasonable differences of opinion, proximate cause is a question of law to be decided by the court. *Cook v. Seidenverg, supra; Bracy v. Lund,* 197 Wash. 188, 84 P.2d 670 (1938).

Appellants contended *Sailor v. Ohlde,* 71 Wn.2d 646, 430 P.2d 591 (1967), is not controlling. We have considered the differences in the facts of *Sailor* and find the rule announced in *Sailor* to be applicable here.

The order of dismissal is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, and HALE, JJ., concur.

ROSELLINI, J. (concurring)—While I agree that the respondents should not be held liable to the appellants for injuries caused by persons who were not acting as agents of the respondents, I do not think that the reason is that the events did not occur "in a natural and continuous sequence." I think it is that the respondents owed no duty to

the appellants to protect them from this harm. The pursuit and flight were direct consequences of the theft, which was directly facilitated by the car being left unlocked. But it is not the policy of the law to hold an individual liable for injuries caused by a third person, to whom he has relinquished possession of his chattel, unless there is a special relationship existing between the defendant and the third person, such as agency, or unless the defendant knew or should have known that the third person was likely to cause harm to others.

In the California case of *Richards v. Stanley*, 43 Cal. 2d 60, 271 P.2d 23 (1954), Justice Traynor, speaking for the supreme court sitting en banc, said that in the absence of statute, it has generally been held that the owner of an automobile is under no duty to persons who may be injured by its use to keep it out of the hands of a third person in the absence of facts putting the owner on notice that the third person is incompetent to handle it. Justice Traynor pointed out that the owner of a vehicle who loans it to another is liable for injuries caused by him only if he knew or should have known that the person to whom he lent the vehicle was not a competent driver. This is provided by statute in California; in Washington it is the rule of law laid down by this court. *Coins v. Washington Motor Coach Co.*, 34 Wn.2d 1, 208 P.2d 143 (1949).

If an owner is not liable for injuries caused by a driver to whom the owner has knowingly lent his vehicle, in the absence of some special relationship or knowledge of the driver's incompetence, how much less should the law hold him liable for injuries caused by a thief? As Justice Traynor observed, the general rule is that there is no liability.

Does the statute, RCW 46.61.600, change this? It appears to me that the statute is designed for the protection of the owner and for the protection of others in the path of the vehicle if it should be put in motion by reason of having been insecurely parked. If it was intended to make the owner liable to a class of persons toward whom there was no common-law liability, the legislature should have ex-

pressed this intent in unequivocal terms. As the statute stands, it was reasonably intended to prevent runaways and to prevent thefts. It does not reveal an intent to give to persons injured by the carelessness of thieves a right of recovery which they did not formerly have against the thief's victim.

I would construe the statute narrowly, so as to avoid conflict with the common law and yet give effect to its terms according to their obvious, though limited intent.

For these reasons, I also would affirm.

NEILL and STAFFORD, JJ., concur with ROSELLINI, J.

Petition for rehearing denied March 1, 1972.